# Sermon *v.* Black.

*Statutory Action in nature of Ejectment, by Decedent's Heirs against Purchaser at Administrator's Sale.*

1 *Sale of decedent's lands under probate decree; jurisdiction of court.* The principle is settled by repeated decisions of this court, that in the matter of the sale of the lands of deceased persons, whether for the payment of debts or for distribution, the jurisdiction of the Probate Court is statutory and limited, and must affirmatively appear from the record; that this jurisdiction attaches on the filing of a petition by a

proper party, setting forth a statutory ground of sale; and that where this does not appear, the order of sale is void, and the sale is a nullity.

2. *Same; sufficiency of petition.*—A petition filed by an administrator, alleging "that there is no personal property, or property of any character, other that that above described [certain lands], belonging to said estate, which has come to the knowledge or possession of your petitioner, and that it is necessary to sell said lands for distribution among those entitled thereto, and to defray the expenses of this administration," does not show a statutory necessity for the sale, and an order of sale founded on it is void.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Robert Black and others, against J. R. Sermon and his tenants, to recover certain lands, particularly described in the complaint; and was commenced on the 20th October, 1883. The plaintiffs were the children of Thomas W. Black, deceased, and claimed the lands as his heirs at law; and the defendants were in possession, claiming under a purchase by said Sermon at a sale made by James H. Perdue, as the administrator of the estate of said Thomas W. Black, under an order and decree of the Probate Court. The defendants pleaded the general issue, and made a suggestion of adverse possession and the erection of valuable improvements; and the cause was tried on issue joined on this plea and suggestion. It was proved on the trial, as the bill of exceptions shows, that the lands belonged to said Thomas W. Black at the time of his death, which occurred in the year 1868; that he died intestate, and in possession of the said lands; that letters of administration on his estate were granted by the Probate Court to James H. Perdue, but at what time does not appear; that said administrator filed his petition in said Probate Court, on the 13th September, 1873, asking an order to sell the lands; that the petition was granted, and the order of sale made on the 18th November, 1873; that the sale was made, was reported to the court in December, 1873, J. R. Sermon being the purchaser, and was confirmed by the court; that said Perdue afterwards made final settlement of his administration, and letters of administration *de bonis non* were granted to Jonas W. Jones; that said administrator *de bonis non* afterwards reported payment of the purchase-money by Sermon, and asked an order authorizing him to execute a conveyance to the purchaser; that the order was granted, and the deed executed pursuant to it; and that said Sermon entered into possession under his purchase, and erected valuable permanent improvements.

The petition for the sale of the lands described the lands of which the intestate died seized and possessed, stated the names and ages of the heirs and distributees, and then alleged, "that there is no personal property, or property of any character,

other than that above described, belonging to said estate, that has come to the knowledge or possession of your administrator, and that it is necessary to sell said lands for distribution among those entitled thereto, and to defray the expenses of this administration;" and therefore prayed an order of sale "for the purpose of distribution." The order of court setting a day for the hearing of the petition described it as an "application to sell lands for the purpose of distribution among the heirs at law, alleging that said lands can not be fairly and equitably divided without a sale." The two witnesses, whose depositions were taken on interrogatories, testified as follows: "We think it is necessary to sell the lands for distribution among those entitled thereto, because we don't think the lands can be fairly and equitably divided among the heirs without a sale for that purpose." The order of sale described the proceeding as "an application to sell certain lands to make distribution among the heirs of said deceased," and recited that "it is made to appear to the court that said lands can not be fairly and equitably divided amongst the heirs without a sale thereof as prayed."

On this evidence, the court charged the jury, that they must find for the plaintiffs, if they believed the evidence. The defendant excepted to this charge, and he here assigns it as error.

GAMBLE & RICHARDSON, for the appellant.

L. M. LANE, contra.

CLOPTON, J.—The only questions raised by the record are, the jurisdiction of the Court of Probate to make the orders relating to the sale and conveyance of the realty belonging to the estate of Thomas Black, and the consequent sufficiency of the sale and conveyance by his administrator under such orders; inasmuch as it is not controverted that the legal title to the lands sued for resides in the plaintiffs, as heirs at law, unless they have been divested thereof by the proceedings in the Probate Court.

If there be any question which has been settled by the decisions of this court beyond the pale of doubt or controversy, it is that the jurisdiction of the Probate Court, in the sale of the real estate of a decedent, is purely statutory and limited, and must affirmatively appear from the record. The rule is equally applicable, whether the application is to sell for the payment of debts, or for distribution.—*Satcher v. Satcher*, 41 Ala. 26; *Robertson v. Bradford*, 70 Ala. 385; *Whorton v. Montague*, 62 Ala. 201; *Tyson v. Brown*, 64 Ala. 244. In either case, the jurisdiction of the court can be called into exercise only by an application in writing by a proper party, setting

[Westbrook v. Fulton.]

forth the facts which authorize the court to order a sale. The averment of the existence of the statutory ground of sale is necessary to confer jurisdiction. When the jurisdiction appears, subsequent errors and irregularities will not invalidate the sale on a collateral attack; but, if the jurisdiction does not appear, the order of sale is void, and the sale a mere nullity, working no divestiture of the estate and title of the heir.

The allegation of the application is, "that there is no personal property, or property of any character, other than that above described in paragraph 1 of this petition, belonging to said estate, that has come to the knowledge or possession of your administrator; and that it is necessary to sell said lands for distribution among those entitled thereto, and to defray the expenses of this administration." Passing over the claim of a necessity to sell to defray the expenses of administration, which can not be charged on the lands, unless debts of the decedent are shown, for the payment of which the lands are liable (*Garrett v. Garrett*, 64 Ala. 263); it is too manifest for argument, that giving the petition a liberal construction, and making every intendment in favor of its sufficiency, it does not contain an allegation of the statutory ground of sale, or allegations of equivalent import, or of facts from which it may be necessarily implied.

There is no error in the record.

Affirmed.