# Howell, *et al. v.* Hughes.

*Bill to be Subrogated to the Lien of a Decree of Sale.*

(Decided May 12, 1910.   Rehearing denied June 30, 1910.
53 South. 105.)

1. *Judgment; Parties Bound by; Conclusiveness.*—A judgment against the personal representative of a decedent is not evidence against the heirs of the deceased in a proceeding to subject land which descended to the heirs to the payment of the debts of the decedent.

2. *Same; Courts; Jurisdiction; Presumption.*—The probate court is one of limited jurisdiction and the exercise of jurisdiction by it affords no presumption of the existence of the same; the jurisdiction must appear on the face of the record.

[Howell et al. v. Hughes.]

3. *Executors and Administrators; Sale of Real Estate to Pay Debts.*—A proceeding to sell land to pay decedent's debts in the probate court is in rem and jurisdiction attaches when a petition averring a statutory ground for the sale is filed with and recognized by order and permission of the court although the parties in interest are not personally notified.

4. *Same.*—Where the jurisdiction of the probate court has attached for the purpose of ordering a sale of land of the decedent to pay debts by the filing of a petition stating a statutory ground for the same, defects and miscarriages are mere errors or irregularities which do not affect the validity of the subsequent decree.

5. *Same; Petition; Sufficiency.*—Where the petition filed in the probate court for the sale of lands to pay the debts of the decedent shows the existence of a will, the petition must negative the existence of a power of sale in said will, since under section 2619, Code 1907, the only contingency in which the court has jurisdiction to order the sale is that there is no power of sale in the will, and a decree of sale on a petition failing to allege that there was no power of sale in the will, is void.

APPEAL from Cherokee Chancery court.

Heard before Hon. W. W. WHITESIDE.

Bill by B. I. Hughes as administrator of the estate of T. F. Howell, deceased, against B. C. Howell, and others for subrogation to the lien of certain probate proceedings. From a decree for complainants, respondents appear. Reversed and rendered.

KNOX, ACKER, DIXON & BLACKMON, for appellant. Where a will is disclosed by the petition one of the averments necessary in a petition for the sale of lands to pay debt is that the will contain no power of sale.— Sec. 2619, Code 1907; *Brock v. Frank,* 51 Ala. 85; *Hall v. Hall,* 47 Ala. 298; *M. E. Church v. Price,* 42 Ala. 39; *Wilson v. Holt,* 83 Ala. 528; *Meadows v. Meadows,* 73 Ala. 356; *McCullom v. McCullom,* 33 Ala. 711. Two other facts must concur. 1st, the existence of debts and next, the insufficiency of personal property to pay them. —Sec. 2620, Code 1907; *Quarles v. Campbell,* 72 Ala. 64; *Cotton v. Holloway,* 96 Ala. 544. The sale in this case is void for the reason that the probate court acquired no jurisdiction.—*Arnett v. Bailey,* 60 Ala. 435; *Robin-*

*son v. Bradford,* 70 Ala. 385, and authorities supra. This court is of limited jurisdiction and no presumption is indulged, but jurisdiction must appear from the record.—*Chamblee v. Cole,* 128 Ala. 649, and cases there cited. Counsel discuss the cases relied on by the appellee and insist that a judgment obtained by the creditor against an executor or administrator does not operate as a lien on the realty of the decedent.—*Scott v. Ware,* 64 Ala. 174; *Speigner v. Fuguarher,* 82 Ala. 569; *Lehman v. Bradley,* 62 Ala. 31; 17 A. & E. Enc. of Law, 785. Before à creditor can obtain the assistance of a court of equity to subject lands descended or lands devised, he must have a debt established by judgment of law and exhaust his legal remedies.—*Scott v. Ware, supra.*

S. C. M. AMASON, for appellee. The decree of the probate court ordereing the sale of the land is conclusive that Howell, the deceased owned the land, that he owed to pay them, and such decree cannot be collaterally assailed because the petition does not contain the necessary jurisdictional averments.—*Neville v. Kennedy,* 28 So. 452; *Cobb v. Garnett,* 105 Ala. 467; *Chardavoyne v. Lynch,* 82 Ala. 376; *Grub v. Galloway,* 93 Am. St. Rep. 764. A proceeding to sell lands of a decedent to pay debts is in rem and consequently a decree ordering such sale is conclusive on all such persons.—*Hughes v. Howell,* 44 So. 410; *Friedman & Loveman v. Shamblin,* 117 Ala. 454; *Shearer v. City Nat. Bank,* 22 So. 151; *Cotton v. Holloway,* 96 Ala. 544; *Jones v. Woodstock I. Co.,* 95 Ala. 551; *Dickey v. Vann,* 81 Ala. 425; *Bolling v. Smith,* 79 Ala. 535 *Doe ex dem v. Hardy,* 52 Ala. 291; *Wright v. Ware,* 50 Ala. 549; *DeBardelaben v. Stoudenmirc,* 48 Ala. 643; *Satcher v. Satcher,* 41 Ala. 26; *Deslonde v. Derrington,* 29 Ala. 92; *King v. Dent,* 29 Ala. 542; *Field v. Goldsby,* 28 Ala. 218; *Perkins v.*

*Winter,* 7 Ala. 855; *Wyman v. Campbell,* 6 Port. 219; 2 Neb. 126; 51 Mo. 241; 12 Wend. 96; 10 Wall. 308; 29 Kan. 337; 4 Ia. 77; 91 Mo. 117; 51 Miss. 206; 44 Ark. 267; 62 Tex. 670; 108 Cal. 331; 58 Am. Dec. 488. If the omission of the petition was amendable, the proceedings were merely irregular, and it could not be said to be a jurisdictional omission and the proceedings were not void.—Authorities supra. On these authorities it also must be held that public policy required that all reasonable presumptions should be made in support of such sales, especially respecting matters in pais. The record can be aided by extrinsic evidence to show that the probate court has jurisdiction to render the decree for the sale of the land although the petition did not specifically aver the want of power or authority of sale in the will.—*Doc ex dem. v. Hardy, supra; Friedman v. Shamblin, supra; L. & N. v. Malone,* 22 So. 897; *Hance v. Coskrey,* 81 Ala. 149; *Straus v. Mertief,* 64 Ala. 299; 26 Am. Rep. 387; 24 A. & E. Enc. of Law, 193-4. The decree rendered constituted an equitable lien or charge on the land ordered to be sold in favor of the creditor.—*Chapman v. Sullivan,* 27 N. E. 425; *De Concillio v. Bronrigg,* 51 N. J. Eq. 532; *Taylor v. Taylor,* 48 Am. Dec. 400; *Chase et al. v. Lookerman,* 35 Am. Dec. 277; 95 Id. 767; 5 Am. St. Rep. 611; 12 Id. 383; 35 Id. 419; *Hughes v. Howell, supra;* Harris on Subrogation, sec. 666. If T. F. Howell was living he would be subrogated to or would be an equitable assignee of the right of the creditors since his money was used to pay the debts to the creditors.—Authorities next above. He was a tenant in common with the appellant in the ownership of the land sought to be sold, and his assets were used to discharge the liens thereon, and he would therefore be entitled to distribution.—Authorities next above. The amended bill was

not repugnant to the bill as filed.—*Ingraham v. Foster,* 31 Ala. 143; *Fite v. Kennemar,* 90 Ala. 470; *Hughes v. Howell, supra.* Usury as a defense is irrelevant and immaterial in this cause.

SAYRE, J.—In *Hughes v. Howell,* 152 Ala. 295, 44 South. 410, the bill in this cause was reviewed and declared to contain equity. After the return of the cause to the chancery court, other parties were brought in, and further proceedings had; but the general frame and prayer of the bill remained unchanged. The chancellor, constrained, doubtless, by the opinion of this court, overruled the motion to dismiss for want of equity. A plea of usury interposed by some of the defendants was also held to be insufficient. This appeal seeks to review this last decree in both of the particulars mentioned.

In the decree reviewed here on the former appeal the chancellor distinctly put his opinion that there was no equity in the bill on the ground that the petition filed by the executors in the probate court of Cherokee county for the sale of lands to pay the debts of the testator was insufficient to confer jurisdiction upon that court, for the reason that it disclosed the fact that decedent had left a will, and failed to aver that the will gave no power to the executors to sell the lands of the estate for the payment of debts. The bill having been filed to enforce the execution of the dormant decree of sale for the benefit of the estate of complainant's intestate, by way of subrogation to the rights of the creditors for payment of whose debts the lands had been decreed to be sold— intestate, as the bill alleged, having been a legatee under the will, and having first secured and afterwards paid the debts on account of which the lands were to be sold, thus obviating the necessity for a sale—and this being the sole ground of equity set out in the bill, from the chancellor's opinion that the probate decree was void,

[Howell et al. v. Hughes.]

affording thereby no basis for subrogation, it followed that there was no equity in the bill. That was based upon section 155 of the Code of 1896 (section 2619 of the Code of 1907), and *Wilson v. Holt,* 83 Ala. 538, 3 South. 321, 3 Am. St. Rep. 768. The present appeal again urges the proposition that there is no equity in the bill, for the reason that the probate decree was a nullity.

The former opinion in this case seems to have been based upon a misinterpretation of the purpose of the bill. It was there said that the amended bill sought an equitable subrogation to the lien under the decree against the estate of George W. Howell in favor of the Kirk heirs. That decree evidenced the debt which the money advanced by complainant's intestate went to discharge, and was averred in the bill for the purpose only of showing the existence of that debt. The decree in favor of the Kirk heirs did not purport to fasten a lien upon any land belonging to the estate of George W. Howell, deceased. Nor did it operate as such by reason of any rule of law. The bill there was exhibited against Samuel R. May, as administrator de bonis non of the estate of Hudson Kirk, deceased, and complainant's intestate and another as executors of the last will and testament of George W. Howell, deceased, who had been a surety on May's bond as administrator, and the decree rendered was a decree for the payment of a sum of money, running against the executors and goods and chattels of the estate in their hands. Nor is there such privity between the personal representatives and the heirs as renders a judgment against the former evidence against the latter in a proceeding to subject lands descended to them to the payment of a debt of their ancestor.—*Lehman v. Bradley,* 62 Ala. 31; *Scott v. Ware,* 64 Ala. 174. "A judgment obtained by a creditor against an administrator does not operate as a lien on the realty

30—168

of the decedent."—17 Am. & Eng. Encyc. 785. And a further consideration of the bill as amended and the prayer for relief makes it entirely clear that the sole purpose of the complainant was to be subrogated to the alleged lien of the decree of sale rendered by the probate court. Indeed, counsel for appellee in an elaborate and learned brief attempts only to sustain the decree of the chancery court by showing the validity of the decree of sale rendered by the probate court. We will consider that question.

Since the decision of *Wyman v. Campbell,* 6 Port. 219, 31 Am. Dec. 677, this court has uniformly held to the doctrine that proceedings in the probate court for the sale of lands of an estate for the payment of the debts of the deceased owner are in the nature of proceedings in rem; that jurisdiction attaches when a petition stating a statutory ground for the order of sale is regularly filed and recognized by the order of the court, though parties in interest may not be personally notified of the pendency of the proceedings; and that, when the jurisdiction has attached on the filing of such a petition, all defects and miscarriages are mere errors and irregularities, which do not affect the validity of the decree subsequently rendered. The cases in this line have been numerous, so that in *Satcher v. Satcher,* 41 Ala. 26, 91 Am. Dec. 498, decided more than 40 years ago, the doctrine was said to have been already put beyond the pale of controversy in this court. But it is equally well settled that where the court is one of limited jurisdiction, as was the probate court in this case, the exercise of jurisdiction affords no presumption of the existence of jurisdiction. Jurisdiction must appear upon the face of the record.—*Pettus v. McClanahan,* 52 Ala. 55; *Wilburn v. McCalley,* 63 Ala. 436; *Joiner v. Winston,* 68 Ala. 129; *Robertson v. Bradford,* 70 Ala. 385. There

[Howell et al. v. Hughes.]

are many cases in this line. As a sequence to the principle last mentioned, it has been repeatedly held by this court that, when a petition in the probate court for the sale of the lands of a decedent for the payment of his debts shows·the existence of a will, it is indispensible that it negative the existence of a power of sale in the will, for that, under the statute, is the only contingency in which the court has power and jurisdiction to order a sale.—Code 1907, § 2619. This was first declared in *McCollum v. McCollum,* 33 Ala. 711, which was a case of direct attack upon a decree of the probate court. But the omission of the allegation in the petition has been expressly adjudged to be fatal to the decree in cases involving collateral attack.—*Hall v. Hall,* 47 Ala. 298; *Brock v. Frank,* 51 Ala. 85; *Arnett v. Bailey,* 60 Ala. 435; *Wilson v. Holt,* 83 Ala. 528, 3 South. 321, 3 Am. St. Rep. 768. In other cases, involving direct attack, the language has been that the decree following upon a petition defective in the particular under consideration is void.—*M. E. Church v. Price,* 42 Ala. 39; *Meadows v. Meadows,* 73 Ala. 356. This, of course, involved the assertion, though not necessary to be made in those cases, that the decrees would be open to collateral attack; for a void decree is a mere nullity.

To meet the line of decisions to which we have referred, appellee relies upon *Mosely v. Tuthill,* 45 Ala. 621, 6 Am. Rep. 710, and *Arnett v. Bailey,* 60 Ala. 435. In the first named of these cases the decision was that, where the petition alleges that there is a will, this brings the will to the notice of the court; and the will is a limitation upon the jurisdiction of the court which cannot be disregarded. The petition had quoted the will to establish the executor's power. In the second of the cases named the petition was: "Your petitioner, as the administrator with the will annexed, as the records of

[Howell et al. v. Hughes.]

your court will show," etc.   Judge Stone said: "The petition (found in the record) * * * refers to the will, of record in the court, and makes it a part of the petition. This supplies the averment omitted from the body of the petition, that the will of testatrix contained no power of sale for the payment of debts, as the will contains no such power"—citing *Mosely v. Tuthill, supra. Mosely v. Tuthill* suggests the difficulty that the court having jurisdiction of an estate must always have notice of the will and of the executor's power thereunder, without specific allegation, and therefore the limitation or absence of limitation upon its power in dealing with the testator's estate for the payment of debts.   Possibly the court had this in mind when deciding these cases, though nothing is said of it.   At any rate, these cases evidence no disposition to declare a rule different from that which requires that the petition contain an allegation touching the power conferred by the will.   The last-named case, on the contrary, clearly recognizes the necessity of such an allegation in some shape.   On consideration of the cases to which reference has been made, we are constrained to hold that the decree of the probate court was void, and, in consequence, that there is no equity in the complainant's bill.   It will be so decreed here.   "Stare decisis, et non quieta movere."

Reversed and rendered.

Dowdell, C. J., and Simpson, Anderson. Mayfield. and Evans, JJ., concur.