# Conniff, *et al. v.* McFarlin.

*Bill to Cancel Sale of Land and for Partition.*

(Decided May 14, 1912. Rehearing denied June 29, 1912. 59 South. 472.)

1. *Partition; Sale of Land; Order; Collateral Attack.*—Under sections 2621-2, Code 1907, the probate court has power to order the sale of lands of decedent for partition upon application of the administrator with the written consent of any of the heirs, and hence, its decree ordering such sale cannot be collaterally attacked because of irregularities, such as the omission of the name of any of the heirs, the court being one of general jurisdiction in regard to these matters.

2. *Executors and Administrators; Sale of Land; Order; Collateral Attack.*—Under sections 2638-9, Code 1907, mere inadequacy of price, or the fact that the land was purchased for the benefit of a personal representative, is not grounds for collateral attack.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Nannie E. McFarlin against E. V. Conniff and others, to cancel a sale of land made by the probate court, and for partition. From a decree overruling demurrers to the bill respondents appeals. Reversed and rendered.

JOHN C. CARMICHAEL, for appellant. The power of the probate court in granting letters testamentary or of administration is constitutional, general, original and unlimited.—*Barclift v. Treist,* 77 Ala. 528. And when exercised the presumption is conclusive on collateral attack.—*Burke v. Mutch,* 66 Ala. 568; *Coltart v. Allen,* 40 Ala. 155. The averments were sufficient, and protects the proceedings from collateral attack.—sections 2519, 2520, Code 1907; *Kling v. Connell,* 105 Ala. 595. The petition was sufficient to confer jurisdiction to sell the land.—Secs. 2621-2, Code 1907. And if Mrs. McFarlin had desired to do so she could have intervened and objected to the sale.—*Lyons v. Hamner,* 84 Ala. 197; *King v. Kent,* 29 Ala. 542; *Cotton v. Holloway,* 96 Ala. 544; *Neville v. Kennedy,* 125 Ala. 153; *Breeding v. Breeding,* 128 Ala. 412, and authorities supra. In the case of *Jones v. Woodstock Iron Co.,* 95 Ala. 560, the doctrine asserted and invoked by appellee in the case of *McCain v. McCain,* 12 Ala. 510, is explained and qualified. The matter is not changed because Mrs. Conniff purchased while her husband was the attorney for the administrator.—*Pearce v. Gamble,* 72 Ala. 341; 4 Cyc. 958. Nor is the matter rendered subject to collateral attack because the name of one of the heirs was omitted from the petition.—*Pillans v. Brinsfield,* 108 Ala. 605; *Bradley v. Broughton,* 34

Ala. 164; *Lyons v. Hamner,* 84 Ala. 194; *Neville v. Kennedy, supra; Breeding v. Breeding, supra.*

C. W. HICKMAN, for appellee. The title of real estate descends to the heirs and cannot be intercepted except for the payment of debts.—*Calhoun v. Fletcher,* 63 Ala. 580; *Lee v. Downey,* 68 Ala. 98; *Stovall v. Clay,* 108. Ala. 105. The truth of the allegations contained in a petition for letters of administration can be inquired into by the court.—*Miller v. Jones,* 26 Ala. 247. If at the time of the filing of the petition, the title to the land was not the same as it was at the time of the demise of the intestate, the court is without jurisdiction, or authority over the subject-matter either in granting the letters or in sale for partition.—*McCain v. McCain,* 12 Ala. 510. Neither the executor nor the administrator can purchase at such a sale.—*James v. James,* 55 Ala. 525; 18 Cyc. 769, 773. The sale to the attorney was improper.—*Pearce v. Gamble,* 72 Ala. 341; 4 Cyc. 958; 18 Cyc. 330.

SIMPSON, J.—The bill in this case, by the appellee, seeks to cancel a sale of the lands of the estate of Lafayette Sewell, made under orders of the probate court, and to have the lands resold for partition. The bill alleges that the complainant, Nannie McFarlin, had purchased the interests of all the heirs and distributees except one, Lizzie Miller, and had also paid off the debts of the estate; that said Lizzie Miller consulted with one William Conniff, a lawyer; that one W. T. Howlett was appointed by the probate court as administrator of said estate, and with the written consent of said Lizzie Miller filed a petition in the probate court for the sale of the lands of said estate, for distribution; that the name of one of the heirs, Jim Sewell, was not mentioned in

said petition; that an order was granted by said probate court on February 21, 1910, for the sale of said lands; that on April 7, 1911, said administrator filed in said probate court his report of the sale of said lands, stating that the sale was made in accordance with law and that the purchase money was paid, the sale being made to E. V. Conniff (who is the wife of said William Conniff). A deed was made to the purchaser who now claims the land and the allegations of the bill, in addition to what has been stated, are that the land was sold for greatly less than its real value; that William Conniff was the attorney of Howlett, the administrator, in procuring letters of administration and the sale of the land, and had said lands bid off for his wife; that said E. V. Conniff has brought an action of ejectment for the land; that the orders and proceedings in the probate court, being in rem, cannot be collaterally assailed in a court of law; that complainant had no notice of the proceedings; that said administrator, the attorney, and Lizzie Miller knew that there were no debts due by the estate; that the purchase money was not actually paid, and the application for the sale of the lands was a fraud; that complainant owns two-thirds, and said Lizzie Miller the remaining one-third, interest in said land. The prayers are for an injunction against the action of ejectment, that the title and interest of the parties in the land be determined, the deed from the administrator to E. V. Conniff cancelled and the lands ordered sold for division. The appeal is from the decree of the court overruling the demurrers to the bill.

The exhibits show that the proceedings in the probate court for the appointment of the administrator and for sale of the lands were regular.

The appellee contends that there is no authority for an administrator to procure a sale of the lands of an estate, except for the payment of debts; but sections 2621, 2622, Code of 1907, authorize the administrator, with the written consent of one of the heirs, to procure such order. The probate court is a court of general jurisdiction in regard to these matters, and its decree cannot be collaterally impeached.—*Breeding v. Breeding,* 128 Ala. 412, 417, 30 South. 881; *Kling et al. v. Connell, et al.,* 105 Ala. 590, 595, 17 South. 121, 53 Am. St. Rep. 144.

The jurisdiction attaches on the filing of a proper petition, and, the proceeding for sale of lands being in rem, the omission of the name of one of the heirs, or other irregularities, do not affect the validity of the decree.—*Neville v. Kenney,* 125 Ala. 149, 155, 28 South. 452, 82 Am. St. Rep. 230; *Jones v. Woodstock Iron Co.,* 95 Ala. 551, 559, 10 South. 635; *Lyons v. Hamner,* 84 Ala. 197, 4 South. 26, 5 Am. St. Rep. 363. As stated in the case last cited, "if one of the heirs is not named in the petition" (and, we add, if there is any other irregularity), "he may apply to be made a party in order that he may sue out an appeal."

Counsel for appellee thinks the doctrine of proceedings in rem is harsh, and that the court should not, by a blind adherence to the rule of stare decisis, abide by our numerous decisions on that subject, but it is not merely for adherence to former unjust decisions that this doctrine is maintained; it is a wise public policy for the repose of society and the safety of titles. The statutes have ample provisions for notices in regard to the appointment of administrators and the sale of real estate, and the probate court being a court of general jurisdiction, specially charged with the administration of estates, the law presumes that it, after ac-

quiring jurisdiction, conforms to the law, and that, if interested parties do not intervene, they have either acquiesced in what is done, or have slept on their rights.

Counsel cites *McCain's Adm'r v. McCain's Distributess,* 12 Ala. 510, to the effect that the jurisdiction to sell lands of an estate applies only "where the land remains in the same condition as to title, as it was at the decease of the intestate."

That referred to the title in the estate—that is, land that had been acquired after the decease of the intestate—was not included. It has no application to a mere change in the ownership of the interests of the distributees, in which case the purchaser merely takes the place of the distributee.—*Jones v. Woodstock Iron Co.,* 95 Ala. 559, 10 South. 635.

Even if the land had been bought by the administrator himself, or his attorney for him, the statute provides a way by which that matter can be inquired into in the proceedings for confirmation of the sale, and for vacating the sale if the sale was not fairly conducted, or the price was grossly inadequate.—Code 1907, §§ 2638, 2639.

We do not think that the mere fact that the wife of the attorney for the administrator bought the land justifies a court of equity to interfere and cancel the sale.

It results that the bill is without equity, and the chancellor erred in overruling the demurrers to the bill.

The decree of the court will be reversed, and a decree here rendered sustaining the demurrer to the bill.

Reversed and rendered. All the Justices concur.