(118 So. 460)

## BLOUNT COUNTY BANK v. BARNES.
### (6 Div. 953.)

Supreme Court of Alabama.   June 28, 1928.

Rehearing Granted Oct. 25, 1928.

Nash & Fendley, of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellee.

SOMERVILLE, J. Section 5849 of the Code declares:

"Lands of an estate may be sold by order of the probate court having jurisdiction of the estate. when the same cannot be equitably divided among the heirs or devisees, when an adult heir or devisee files his written consent that the land be sold."

The last clause of this statute was incorporated therein for the first time in the Code of 1907.

The law applicable to this case is clearly and fully stated in Sermon v. Black, 79 Ala. 507, 509, as follows:

"If there be any question which has been settled by the decisions of this court beyond the pale of doubt or controversy, it is that the jurisdiction of the probate court, in the sale of the real estate of a decedent, is purely statutory and limited, and must affirmatively appear from the record. The rule is equally applicable, whether the application is to sell for the payment of debts, or for distribution. Satcher v. Satcher's Adm'r, 41 Ala. 26, 91 Am. Dec. 498; Robertson v. Bradford, 70 Ala. 385; Whorton v. Moragne, 62 Ala. 201; Tyson v. Brown, 64 Ala. 244. In either case, the jurisdiction of the court can be called into exercise only by an application in writing by a proper party, setting forth the facts which authorize the court to order a sale. The averment of the existence of the statutory ground of sale is necessary to confer jurisdiction. When the jurisdiction appears, subsequent errors and irregularities [as illustrated in Lyons v. Hammer, 84 Ala. 197, 4 So. 26, 5 Am. St. Rep. 363], will not invalidate the sale on collateral attack; but, if the jurisdiction does not appear, the order of sale is void, and the sale a mere nullity, working no divestiture of the estate and title of the heir."

These rules of law have never been changed. Howell v. Hughes, 168 Ala. 460, 466, 53 So. 105.

A dictum that in the sale of lands on petition of the administrator for the payment of debts or for distribution the probate court is a court of general jurisdiction will be found in Conniff v. McFarlin, 178 Ala. 160, 164, 59 So. 472—an obvious inadvertency on the part of the writer of the opinion.

The question here presented is scarcely debatable. The statute (section 5849) declares when lands of an estate under administration in a probate court may be sold for division among the heirs; viz., when they cannot be equitably divided in specie, and then only when an adult heir files his written consent to the sale.

These are the conditions upon which alone the jurisdiction to sell is conferred, and upon which alone the court is authorized to act. A petition by the executor or administrator which does not show both of these conditions does not show, and does not confer, any jurisdiction upon the court in the premises; and an order of sale thereon is necessarily a nullity and the sale itself of no effect.

The fact that an adult heir has given to the administrator his written consent to the sale, if the fact be not averred in the petition, is without avail, and does not give jurisdiction, which is drawn from the petition alone—a matter strictly of record.

It does not appear that this question has been heretofore specifically presented to this court, but if authority were needed, there are many analogous decisions which would be conclusive. Sermon v. Black, 79 Ala. 507; Robertson v. Bradford, 70 Ala. 385; Howell v. Hughes, 168 Ala. 460, 53 So. 105.

The judgment and order of the circuit court are free from error and will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

FOSTER, J. Section 5419 of the Code of 1907 provided that:

"Courts of probate have, in the cases defined by law, original jurisdiction of: * * * (5) The sale and disposition of the real and personal property belonging to, and the distribution of intestates' estates."

Under this statute the probate court was held to be purely statutory and limited, and, in order to invoke its jurisdiction, it was necessary to make the allegations required by statute, failing in which the action of the court was of no effect. Sermon v. Black, 79 Ala. 507; Howell v. Hughes, 168 Ala. 460, 53 So. 105.

Had the law remained as it was stated in the Code of 1907, the proceeding would be void. But it was changed by the adoption of the Code of 1923. Section 9579 of the Code provides that:

"Courts of probate shall have original and general jurisdiction as to all matters and things mentioned in this section of the Code, * * * and all orders, judgments and decrees of the probate court shall be accorded the same validity and presumption which are accorded to judgments and decrees of other courts of general jurisdiction."

When jurisdiction is vested in a court by statute, the contrary not appearing, such court, although of general jurisdiction as to other matters, is of special jurisdiction as to such statutory authority. Crimm v. Crimm, 211 Ala. 13, 99 So. 301; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Martin v. Martin, 173 Ala. 106, 55 So. 632.

The statute may make a statutory court one of general jurisdiction as to such matters as may be prescribed therein. Ex parte Pruitt, 207 Ala. 261, 92 So. 426; 15 Corpus Juris, 726.

Where a court of general jurisdiction has exercised its powers, it will be presumed, unless the contrary appears of record, that all the facts necessary to give the court jurisdiction were duly found, and every step has been taken. Silence of the records of the court will not be sufficient to create a presumption of a want of jurisdiction. It is only where the face of the record shows a want of jurisdiction will its proceedings be declared void on collateral attack. White v. Simpson, 124 Ala. 238, 27 So. 297; L. & N. R. R. Co. v. Tally, 203 Ala. 370, 83 So. 114; 15 Corpus Juris, 827. This has been specifically applied to the probate court as to those matters over which it has general jurisdiction. Carr v. I. C. R. R. Co., 180 Ala. 159, 60 So. 277, 43 L. R. A. (N. S.) 634; Acklen v. Goodman, 77 Ala. 521; Steele v. Tutwiler, 68 Ala. 107; 15 Corpus Juris, 834.

It results from the foregoing that the former opinion in this case did not give consideration to section 9579 of the Code of 1923, to the extent of the difference between it and section 5419 of the Code of 1907. Giving effect to the Code as it now appears, it results that the application for a rehearing should be granted, and the judgment reversed, and judgment rendered denying the motion.

Application granted. Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.