MOORE, Judge.
W.B.B. (“the father”) appeals a judgment of the Limestone Juvenile Court (“the juvenile court”) terminating his parental rights to G.M.S. (“the child”). We dismiss the appeal as being from a void judgment.
The record reveals the following pertinent facts. H.M.S. (“the mother”) gave birth to the child in December 2007 while living in a nonmarital relationship with the father in Florida. After the mother ended her relationship with the father and she and the child moved to Alabama, the Circuit Court of Escambia County, Florida, adjudicated the father to be the biological father of the child and established a shared custodial arrangement between the mother and the father. On August 18, 2011, the Limestone Circuit Court modified the Florida custody judgment and awarded the mother sole legal and physical custody of the child and suspended the father’s visitation.
On September 11, 2012, the mother filed a petition in the juvenile court to terminate the father’s parental rights to the child. On February 26, 2013, the juvenile court held a trial on the mother’s petition to terminate the father’s parental rights at which it received ore tenus testimony from the parties. On February 27, 2013, the juvenile court entered a judgment terminating the father’s parental rights to the child. The father timely appealed.
On appeal, the father contends that the juvenile court lacked subject-matter jurisdiction over the action and, thus, that the juvenile court’s judgment terminating the father’s parental rights is void. We agree.
Section 12-15-114, Ala.Code 1975, a part of the Alabama Juvenile Justice Act of 2008 (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, provides, in pertinent part:
*1064 “(a) A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents. Juvenile cases before the juvenile court shall be initiated through the juvenile court intake office pursuant to this chapter.
[[Image here]]
“(c) A juvenile court shall also exercise exclusive original jurisdiction of proceedings arising out of the above juvenile court proceedings, including, but not limited to, each of the following:
[[Image here]]
“(2) Proceedings for termination of parental rights, as this term is defined in subdivision (10) of Section 12-15-301[, Ala.Code 1975].”
Subsection (c) of § 12-12-114 clearly and unambiguously gives juvenile courts exclusive original jurisdiction of proceedings for the termination of parental rights “arising out of the ... juvenile court proceedings” listed in subsection (a), i.e., those proceedings “in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision.” Thus, unless the termination-of-parental-rights case arises out of one of the enumerated proceedings in subsection (a), the juvenile court cannot exercise jurisdiction over that case unless some other jurisdictional statute expressly so provides. See S.N.W. v. M.D.F.H., 127 So.Sd 1225 (Ala.Civ.App.2013) (holding that a juvenile court may adjudicate a petition to terminate parental rights under § 26-10A-3, Ala.Code 1975, a part of the Alabama Adoption Code, although the action does not arise out of the proceedings listed in § 12 — 15—114(a)).
Former § 12-15-30(b)(6), Ala.Code 1975, which was amended and renumbered as § 12-15-114 upon enactment of the AJJA, specifically provided:
“The [juvenile] court shall ... exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
[[Image here]]
“(6) Termination of parental rights.”
Former § 12-15-30(b)(6) clearly and unambiguously vested juvenile courts with exclusive original jurisdiction over all actions for the termination of parental rights. See N.W.S.S. v. S.D.S., 747 So.2d 339 (Ala.Civ.App.1999). The legislature did not simply carry over the language from former § 12 — 15—30(b)(6), but, rather, it modified the language of the jurisdictional statute to its present state when enacting § 12-15-114.
“It is well settled that when the legislature makes a ‘material change in the language of [an] original act,’ it is ‘presumed to indicate a change in legal rights.’ 1A Norman J. Singer, Statutes and Statutory Construction § 22:30 (6th ed. 2002) (footnote omitted). In other words, the ‘amendment of an unambiguous statute indicates an intention to change the law.’ Id. (emphasis added). See State v. Lammie, 164 Ariz. 377, 379, 793 P.2d 134, 136 (Ariz.Ct.App.1990) (‘when the legislature amends statutory language, it is presumed that it intends to make a change in existing law’); Matter of Stein, 131 A.D.2d 68, 72, 520 N.Y.S.2d 157, 159 (App.Div.1987) (‘When the Legislature amends a statute, it is presumed that the amendment was made to effect some purpose and make some change in the existing law.... By enacting an amendment of a statute and changing the language thereof, the Legislature is deemed to have intended a *1065 material change in the law.... Moreover, a statute will not be held to be a mere reenactment of a prior statute if any other reasonable interpretation is attainable....’), appeal dismissed 72 N.Y.2d 840, 530 N.Y.S.2d 555, 526 N.E.2d 46 (1988).”
Pinigis v. Regions Bank, 977 So.2d 446, 452 (Ala.2007).
The legislature evidently intended to change the law when it amended former § 12 — 15—30(b)(6) by excising the language giving juvenile courts jurisdiction over all termination-of-parental-rights proceedings and replacing it with more limited jurisdiction over only certain types of termination-of-parental-rights proceedings, i.e., those arising out of the proceedings listed in § 12-15-114(a). Any other reading would render superfluous and meaningless the changes the legislature incorporated in § 12-15-114.
“ ‘ “A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.” ’ ”
Ex parte Wilson, 854 So.2d 1106, 1110 (Ala.2002) (quoting Ex parte Welch, 519 So.2d 517, 519 (Ala.1987), quoting in turn 2A Norman J. Singer, Sutherland Statutes and Statutory Construction § 46.06 (4th ed. 1984)).[1]
In this case, the mother filed a petition to terminate the parental rights of the father to the child in the juvenile court. The petition did not arise out of any earlier or separate proceeding in which the child was alleged to be dependent, to have committed a delinquent act, or to need supervision. The facts show that, before the mother filed her petition to terminate the parental rights of the father, the custody of the child had been adjudicated through ordinary domestic-relations cases in Escambia County, Florida, and the Limestone Circuit Court.
Moreover, the petition did not initiate any of the types of proceedings listed in § 12-15-114(a).[2] Hence, the juvenile court did not acquire jurisdiction over the petition pursuant to § 12-15-114(c). The mother did not allege that she was seeking to have the child adopted without the consent of the father, as would invoke the juvenile court’s jurisdiction under § 26-10A-3. Additionally, the mother does not cite any other jurisdictional statute authorizing the juvenile court to adjudicate her petition. Consequently, the judgment terminating the father’s parental rights was entered by the juvenile court without subject-matter jurisdiction and is therefore void; a void judgment will not support an appeal.[3] See generally A.C. v. *1066 In re E.C.N., 89 So.3d 777 (Ala.Civ.App.2012).
The appeal is dismissed, albeit with instructions for the juvenile court to vacate its judgment terminating the parental rights of the father.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMAS and DONALDSON, JJ., concur.
PITTMAN, J., dissents, with writing, which THOMPSON, P.J., joins.

. We have repeatedly held that juvenile courts, as purely statutory creatures, have only such jurisdiction as their jurisdictional statute explicitly grants. See, e.g., Montgomery Cnty. Dep’t of Human Res. v. McDermott, 74 So.3d 455, 457 (Ala.Civ.App.2011). Thus, we reject any notion that § 12-15-114 or any other part of the AJJA impliedly bestows jurisdiction over all termination-of-parental-rights cases on the juvenile courts.

. In her petition, the mother alleged that she was the legal custodian of the child; she did not allege that she was incapable of providing adequate care and supervision of the child. Although the mother sought to have the child declared dependent as to the father, the AJJA does not recognize such a proceeding; rather, it only authorizes dependency petitions by noncustodial parents against abusive or neglectful custodial parents. See T.K. v. M.G., 82 So.3d 1 (Ala.Civ.App.2011). Additionally, the juvenile court did not treat the matter as a dependency proceeding.

.Because we conclude that the juvenile court lacked subject-matter jurisdiction over the mother’s petition, we find no need to address the father’s other argument that the juvenile *1066 court did not have territorial jurisdiction over the petition.