PER CURIAM.
C.C. (“the father”) appeals from a judgment of the Limestone Juvenile Court (“the juvenile court”) terminating his parental rights to J.C.C., a minor child (“the child”), born in November 2008 to L.J. (“the mother”). We dismiss the appeal as being from a void judgment.
The record reflects that the mother initiated a civil action against the father in the juvenile court in July 2012, requesting that the juvenile court establish the father’s paternity of the child and that 'that court also terminate the father’s parental rights on the basis that the father had purportedly abandoned the child and had failed to visit with or provide for the material needs of the child. The father, initially acting pro se, filed an answer generally denying the allegations of the mother’s complaint pertinent to her termination request, but he did not deny paternity, and the juvenile court entered on order in September 2012 determining that the father was indeed the biological father of the child. The father, acting through counsel, then amended his answer and asserted a counterclaim seeking joint legal custody, visitation rights, and a child-support award for the benefit of the mother.
After an ore tenus hearing, at which the mother, the father, and the mother’s mother testified, the juvenile court entered a judgment in March 2013 terminating the father’s parental rights, thereby implicitly denying the relief requested by the father in his counterclaim. The father timely appealed from the judgment of the juvenile court, and the judge of that court certified the record as adequate for review by this court pursuant to. Rule 28(A)(1)(a), Ala. R. Juv. P.
The father, in addition to presenting .challenges to the correctness of the juvenile court’s judgment, has asserted in his brief a jurisdictional challenge attacking the validity of the judgment, contending that the juvenile court did not have subject-matter jurisdiction to hear the *185 mother’s petition. Although the father’s argument was not made to the juvenile court in the first instance, a trial court’s lack of subject-matter jurisdiction may not be waived by the parties, and it is an appellate court’s duty in reviewing a judgment of a trial court to consider lack of subject-matter jurisdiction ex mero motu. See MPQ, Inc. v. Birmingham Realty Co., 78 So.3d. 391, 393 (Ala.2011). Thus, we will address the father’s contention as to jurisdiction on its merits.
The father contends that, under § 12-15-114, Ala.Code 1975, a juvenile court may not exercise jurisdiction over a termination-of-parental-rights claim except insofar as that claim arises out of a proceeding involving an allegation that a child is dependent, delinquent, or in need of supervision. We agree for the same reasons set out in our opinion in W.B.B. v. H.M.S., 141 So.3d 1062 (Ala.Civ.App.2013). Because the instant termination-of-parental-rights proceeding did not arise out of a dependency, delinquency, or child-in-need-of-supervision proceeding, the juvenile court did not have subject-matter jurisdiction to enter its judgment, and its judgment purporting to terminate the parental rights of the father is therefore void. ■
A void judgment will not support an appeal. See generally A.C. v. In re E.C.N., 89 So.3d 777 (Ala.Civ.App.2012). Therefore, the appeal is dismissed, albeit with instructions for the juvenile court to vacate its judgment terminating the parental rights of the father.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMAS, MOORE, and DONALDSON, JJ., concur.
PITTMAN, J., dissents, with writing, which THOMPSON, P.J., joins.