MOORE,- Judge.
D.G. (“the father”) appeals from a judgment of the Baldwin Juvenile Court (“the juvenile court”) terminating his parental rights to H.G. (“the child”).
On March 13, 2013, K.H. (“the mother”) filed a petition requesting that the juvenile court terminate the father’s parental rights to the child. After a trial, the juvenile court entered a judgment on June 17, 2013, terminating the father’s parental rights. On June 18, 2013, the father filed a motion for a new trial and an objection to the guardian ad litem’s report. The motion for a new trial was denied by operation of law, and the father timely appealed to this court.
On appeal, the father argues that the juvenile court erred in terminating his parental rights. Initially, however, we note that, although neither party has raised the issue whether the juvenile court *243 had subject-matter jurisdiction over this matter, “it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
Section 12-15-114, Ala.Code 1975, a part of the Alabama Juvenile Justice Act of 2008 (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, provides, in pertinent part:
“(a) A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. A dependency action shall not include a custody dispute between parents. Juvenile cases before the juvenile court shall be initiated through the juvenile court intake office pursuant to this chapter.
[[Image here]]
“(c) A juvenile court shall also exercise exclusive original jurisdiction of proceedings arising out of the above juvenile court proceedings, including, but not limited to, each of the following:
[[Image here]]
“(2) Proceedings for termination of parental rights, as this term is defined in subdivision [ (14) ] of Section 12 — 15— 301[, Ala.Code 1975].”
In W.B.B. v. H.M.S., 141 So.3d 1062, 1064 (Ala.Civ.App.2013), this court held that, “unless the termination-of-parental-rights case arises out of one of the enumerated proceedings in subsection (a) [of § 12-15-114, Ala.Code 1975,] the juvenile court cannot exercise jurisdiction over that case unless some other jurisdictional statute expressly so provides.”
In the present case, although the testimony at the trial does indicate that there had been some prior proceedings concerning the child, the record does not affirmatively indicate that “[t]he petition [arose] out of any earlier or separate proceeding in which the child was alleged to be dependent, to have committed a delinquent act, or to need supervision.” W.B.B., 141 So.3d at 1065. This court may presume that a court of general jurisdiction has subject-matter jurisdiction over a particular action. See Blount Cnty. Bank v. Barnes, 218 Ala. 230, 232, 118 So. 460, 462 (1928) (opinion on rehearing) (“Where a court of general jurisdiction has exercised its powers, it will be presumed, unless the contrary appears of record, that all the facts necessary to give the court jurisdiction were duly found, and every step has been taken. Silence of the records of the court will not be sufficient to create a presumption of a want of jurisdiction.”). This court may not presume, however, that a statutory court of limited jurisdiction, like the juvenile court, see W.B.B. v. H.M.S., 141 So.3d at 1065 n. 1 (“[Jjuvenile courts, as purely statutory creatures, have only such jurisdiction as their jurisdictional statute explicitly grants.”), has the prerequisite subject-matter jurisdiction over a particular matter. See Walton v. Walton, 256 Ala. 236, 236-37, 54 So.2d 498, 499 (1951) (“The jurisdiction of the probate court to act in the premises is statutory and limited, and it must appear from the face of the proceeding that it has acted within the scope of that jurisdiction. Nothing is presumed.”). Hence, we cannot presume that the juvenile court correctly acted on the mother’s petition in this case.
In D.B. v. Coffee County Department of Human Resources, 26 So.3d 1239 (Ala.Civ.App.2009), this court reversed a judgment entered by the Coffee Juvenile Court and remanded the action because the jurisdiction of the Coffee Juvenile Court was questionable. In accord with D.B., we hereby remand this cause for the juvenile court to investigate its subject-matter ju *244 risdiction and to determine for itself whether it had the power to adjudicate the mother’s petition in light of this court’s holding W.B.B. If the juvenile court determines that it had subject-matter jurisdiction to enter the judgment terminating the father’s parental rights, the juvenile court shall produce a record establishing the basis for its determination. If the juvenile court determines that it did not have jurisdiction to enter the judgment terminating the father’s parental rights, the juvenile court shall vacate its judgment and enter a new judgment dismissing the mother’s petition. The trial court shall make a return to this court within 14 days from the date this opinion is released.
REMANDED WITH ' INSTRUCTIONS. 
THOMAS and DONALDSON, JJ„ concur.
PITTMAN, J., dissents, with writing, which THOMPSON, P.J., joins.