THOMAS, Judge,
concurring specially.
I agree with the majority of this court regarding the issue of the jurisdiction of juvenile courts over termination-of-parental-rights actions pursuant to § 12-15-114, Ala.Code 1975. I write to express that I have been, and I remain, nearly persuaded by the sound logic of Judge Pittman’s dissents in W.B.B. v. H.M.S., 141 So.3d 1062 (Ala.Civ.App.2013), and CO. v. L.J., 176 So.3d 183 (Ala.Civ.App.2018), in which Presiding Judge Thompson concurred. Like my colleagues, I doubt that the legislature intended to deprive the juvenile courts of jurisdiction to- adjudicate a certain category of termination-of-parental-rights cases.
However, I tenuously hold- to my views on the jurisdiction of juvenile courts over termination-of-parental-rights actions, pursuant to § 12-16-114, as ¡alluded to in the main opinion in S.N.W. v. M.D.F.H., 127 So.3d 1225 (Ala.Civ.App.2013), and as expressed in the main opinions in 141 So.3d at 1065, and C.C., 176 So.3d at 1065. Therefore, I agree with the majority of this court that, in this case, the juvenile court , lacked jurisdiction over the action *852 because it was á termination-of-parental-rights action that did not arise out of a dependency, delinquency, or child-in-neéd-of-supervision proceeding. ■ I write to clearly express why I agree with the majority of this court on this issue.
Section 12-15-114(a) provides that a juvenile court properly exercises exclusive original jurisdiction over an action if a child that is the subject of the action is alleged (1) to have committed a delinquent act, (2) to be dependent, or (3) to be in need of supervision and that such an action may not include a custody dispute between the child’s parents. Section 12-15-114(b) imposes age limitations for individuals who have committed delinquent acts.
More difficult is the interpretation of § 12 — 15—114(c)(2), which provides that a juvenile court also properly exercises exclusive original jurisdiction over proceedings for the termination of parental rights, but only if the proceeding arose due to an allegation that the child (1) committed a delinquent act, (2) is dependent, or (3) is in need of supervision. § 12-15-114(c)(2).
Thus, notwithstanding the logic of Judge Pittman’s writings, I remain slightly more persuaded that the plain language of § 12-15-114 prohibits B.C. (“the mother”) from bringing a termination-of-parental-rights action against A.H. (“the father”) in the juvenile court. Clearly, 'the mother’s petition did not raise an allegation that K.O.C.
(“the child”) had committed a delinquent act ,or was in need of supervision. Not as clear to me, however, is whether, as the father asserts, the mother made “no allegation that the child be found dependent and does not request that the child be found dependent.” Although the mother titled her petition as a petition to terminate parental rights, it is “ ‘[t]he substance of a motion and not its style determines what kind of motion it is.’ ” Cornelius v. Browning, 85 So.3d 954, 958 n. 2 (Ala.2011) (quoting Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997)). The mother alleged in her petition, among other things, that the father had abandoned the child and was unwilling to discharge his responsibilities to the child. If proved,-those allegations could support an adjudication of dependency. § 12-15-102(8)a.5. and.6. Thus, I considered whether the substance- of the mother’s petition could be construed as including a claim that the child is dependent and could have therefore properly invoked the exclusive original jurisdiction of the juvenile court pursuant to § 12-15-114(c)(2).. I reluctantly agree, with the father. The allegations of the mother’s petition, if proved, more convincingly assert proper statutory grounds for the termination of the father’s parental rights, § 12-15-319(a)(l) through (12), Ala.Code 1975,- and do not assert a claim that the child is dependent.[2] Therefore, I agree *853 that the mother’s appeal must be dismissed.

, Furthermore, the mother is willing to provide for the child; thus, the child could not meet the definition of a "dependent child,” because the child is not “without a parent ... willing and able to provide for the care, support, or education of the child.” § 12-15-102(8)(a)(2), Moreover, the mother, who is seeking the termination of the father's parental rights, was not required to allege or prove • the dependency of the child. As our supreme court explained in Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990):
"[W]hen one parent seeks to terminate the other parent’s parental rights, a ‘finding of dependency’ is not required. As stated above, if a ‘finding of dependency’ were a requisite element of proof, the following illogical result could arise: The petitioning parent, who is adequately caring for the child, would have to prove that he or she is not providing adequate care for the child and, therefore, could then be estopped from bringing such an action. We hold, therefore, that, when one parent seeks to terminate the other, parent’s parental rights, a ‘finding of dependency’ is not required, and the trial court should determine whether the petitioner has met the statutory burden *853 of proof and whether that termination is in the child's best interest, in light of the surrounding circumstances.”