EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court terminated the parental rights of the Carpenters as to their four young children and they appealed.
Since the evidence was directly heard by the trial court, the final judgment is presumed to be factually correct and we are not authorized upon appeal to alter it unless the decision of the trial court was so unsupported by the evidence as to be palpably wrong. King v. State, 451 So.2d 314 (Ala.Civ.App.1984); Fitzgerald v. Jeter, 428 So.2d 84 (Ala.Civ.App.1983). Due to the conflicting state of the evidence, it was strictly a discretionary, judgmental call for the trial court to make as to whether the prior conduct, attitudes, mental health, habits, condition, and environment of the parents probably would still continue to the extent that those detrimental matters outweighed possible progress made in certain areas in the past two years by the parents. Our reading and review of the entire record reveals that, as is required by section 26-18-7(a), Code 1975, clear and convincing evidence, competent, material, and relevant in nature, upholds the factual conclusions reached by the trial court that the parents are unable or unwilling to discharge their responsibilities to and for the children, that their condition now and in the foreseeable future renders them unable to properly care for the children, and that their rights as the parents of the children should, therefore, be terminated. The trial court was not clearly wrong. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.