EDWARD N. SCRUGGS, Retired Circuit Judge.
After an ore tenus evidentiary hearing, the trial court terminated the parental rights of the parents as to their three children, who were five, three, and two years of age. The father died after the final judgment was entered, and the mother duly appealed. She contends that the evidence was insufficient to authorize the termination of her parental rights, and that the trial court erred in not exhausting all reasonable means of family placement in that the children should have been placed with Mrs. Deason, their maternal grandmother (grandmother). We affirm.
After viewing the entire record in accordance with the attendant presumptions of correctness, we briefly summarize the following facts as tending to support the holding of the trial court.
The mother had commenced an affair with a Mr. Queen almost six months before her separation from the father and, at the *350 time of the final hearing, had been living with Mr. Queen for about two years without obtaining a divorce from the children’s father. At the time of the hearing the mother was pregnant with a child who was sired by Mr. Queen. The child was expected to be born in November 1985. They lived in a “two-room” trailer.
Sometime after the parents separated, the father had actual custody of the three children through the acquiescence of the mother. He was ill and was neither physically nor financially able to look after the children. The Department of Pensions and Security (DPS) assisted the father in many ways, such as obtaining food and the payment of utility bills so that the children could eat and to enable the utility services to be restored. When he had to cease all of his efforts to care for the children because of his illness and lack of finances, the grandmother was contacted by DPS concerning the possibility of her taking the children into her home in order to prevent them from being placed in foster care. The grandmother informed DPS that she would not be able to look after the children because of her work, limited space in her residence, and the illness of her husband. The children were placed in foster care in April 1984.
DPS attempted to work with the mother, who said that the children were overwhelming to her and that she could not manage from a financial standpoint. In October 1984 DPS returned two of the children to the mother’s home, but in mid-November 1984 the mother informed DPS that she could not handle the children. She was afraid that she would lose control and that she might hurt them. She stated that she could not manage either financially or emotionally, and requested that they be returned to foster care. The mother told DPS, when she had custody, that the grandmother had kept the children in the daytime for the first three weeks while the mother worked. When the children got on the grandmother’s nerves, the mother obtained baby sitting assistance from an aunt. The mother also stated that the grandmother had to tend to her sick husband at that time and could not keep the children during the day on that account. After court hearings, all' three children were once more united in foster care in November 1984.
The grandmother married her fourth husband about one and one-half years ago. He is sixty-three years of age and is totally disabled from work. The grandmother testified that her husband suffered from cirrhosis of the liver.
The mother and the grandmother together visited with the children on four to six different occasions in 1985. Their visits lasted from one hour to two hours each time.
At various times DPS talked at length with the grandmother about her obtaining custody of the three children, but she indicated that she could not accept custody. The grandmother was living in public housing which restricted the number of people she could have in her house. Although there was conflicting evidence, the trial court could have found therefrom that the grandmother was not an appropriate placement for the children because of limited space in her residence, because of her husband’s illness, because her teen-aged son resided in her home, because the grandmother would, additionally, have to look after another grandchild upon the mother’s giving birth to it in November 1985, and because of her inability, or failure, to care for the children in the past.
Both parents of the children previously had expressed to DPS their preference that the children be placed in a nonrelative placement rather than with the grandmother. However, they expressed contrary desires at the trial.
There was testimony from DPS that, before being placed in foster care, the children had been shifted between each of their parents, the grandmother, and an aunt, and that DPS had not been able to find anyone within the family situation who could provide the emotional support, financial support, and supervision that the children required. DPS was of the opinion *351 that the children were readily adoptable within a reasonable time. They would be placed together as a sibling group.
The ore tenus rule applies. Accordingly, the trial court’s factual determinations must be presumed to be correct and cannot be disturbed on appeal unless the final judgment was so unsupported by the evidence as to be palpably wrong. Lee v. Jackson County Department of Pensions & Security, 470 So.2d 1294 (Ala.Civ.App. 1985). The evidence conflicted and the trial court had to exercise its discretion in weighing the evidence and in rendering its final judgment based thereon. Carpenter v. State of Alabama, 475 So.2d 574 (Ala.Civ.App.1985). Under section 26-18-7(a) of the 1975 Alabama Code (Cum.Supp.1985), there must be clear and convincing evidence, competent, material, and relevant in nature, before the trial court may terminate parental rights and, if there was such evidence before the trial court, we are not authorized to disturb the trial court’s decision.
The judgment of the trial court was not palpably wrong. It was rendered upon conflicting evidence, and aspects thereof clearly supported and authorized the final judgment. We find no abuse of discretion. The final judgment is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.