EDWARD N. SCRUGGS, Retired Circuit Judge.
Billy Hunt, a fourteen-year-old boy, was adjudged to be in need of supervision. The appeal to this court on Billy’s behalf by his guardian ad litem was proper in view of Rule 28(A)(2), A.R.J.P.
The guardian ad litem represented the child throughout these proceedings before the Juvenile Court of Shelby County (the Shelby court) and, at a hearing where the child, the guardian ad litem, the child’s parents and others were present, Billy admitted that he was a child in need of supervision. An adjudication to that effect was entered, and Billy was placed upon probation by an order dated October 29, 1985. That order further noted that the school Billy was attending in Shelby County had experienced serious problems with him and that alternative placement would be appropriate and was being pursued at various places.
After an ore tenus hearing before the Shelby court on November 5,1985, the trial court ordered, on November 5, 1985, that Billy be placed in the Eufaula Adolescent Adjustment Center (the Eufaula center) and that he complete the program at that center as a condition to his probation. The appeal was timely filed and three issues were raised.
It is contended that the Shelby court abused its discretion by placing Billy in the Eufaula center.
The ore tenus evidence which was most supportive of the trial court’s ruling is summarized as follows: It was the opinion of professionals who were familiar with Billy, or with his problems, that he needed long-term residential placement and care in a structured situation where he could receive twenty-four-hour supervision. While Billy should be in a middle school grade, he was then attending a high school program for eleventh and twelfth grade students purely because he had to be situated in a school somewhere during the day. No program was locally available for Billy. The local attention home, where he had been placed on two prior occasions, did not desire to accept him because of his previous vandalism of the home and because of threats which he directed toward one of the parents at that attention home. Several other alternatives in adequate places were sought, but the Eufaula center was the only available permanent placement which would accept Billy. There was testimony that the Eufaula center was an appropriate placement for him.
The ore tenus rule applies in the juvenile court where an evidentiary trial is conducted before it and, therefore, we must presume that the trial court’s decision was correct unless it was so unsupported by the evidence as to be palpably wrong. Ray v. State of Alabama Department of Pensions and Security, 485 So.2d 349 (Ala.Civ.App.1986). In the placement of a child who has been adjudged to be in need of supervision, the juvenile court must exercise its discretion. Here, the evidence supported the judgment of the Shelby court. It was not palpably wrong. We find no abuse of discretion.
As to the other two raised issues, at no time was any motion, objection or complaint concerning those matters ever filed or made in any manner in the Shelby court. Since those two issues are raised for the first time upon this appeal, we cannot consider them because a trial court cannot be put in error where a matter was not presented to or decided by it. Ex parte Linnell, 484 So.2d 455 (Ala.1986).
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.