On July 6, 1987, Lori Good (Lori) executed a consent for the adoption of her daughter, who was born in May 1987. Sometime subsequent to her signing the consent, Lori contacted the adoptive parents and stated that she wished to withdraw it. After an ore tenus hearing the trial court denied Lori's motion to revoke her consent. Lori promptly appealed after her motion for a new trial was overruled. The trial court expressly found that, at the time she signed it, her consent was knowingly given after lengthy consideration and advice as to its consequences.
The appellate issue is whether Lori gave an informed, intelligent consent to the adoption of her child. We find she did make such a consent and affirm.
Lori finished the tenth grade in a special education class. She testified that she had been in special education classes since the fourth grade when it was determined that she was mildly retarded. While Lori is not non compos mentis, she is limited in her job skills, for she is on a borderline range of function.
She recognized that she could not take care of the child and considered alternatives which were available to her, including allowing the child to be adopted. Lori received advice regarding adoption and its legal effect. She testified that, at the time that she executed the consent instrument in the office of the attorney for the adopting parents, she understood that, if her daughter was adopted, she would not be the child's mother in the eyes of the law, she would have no right to visit with the child thereafter, and her daughter would then be the child of the adopting parents.
Probably about two months after signing the consent form, Lori called the adopting mother and requested some money, clothing, and a car. According to the adopting mother, when that request was refused, Lori said, "Well, then you can't have my baby if you can't do this for me."
We opt not to narrate other evidence which supported the judgment.
The trial was conducted before the juvenile court. Consequently, that court's determination is presumed to be correct and cannot be reversed on appeal unless it was so unsupported by the evidence as to be clearly wrong. Ray v. StateDepartment of Pensions Security, 485 So.2d 349 (Ala.Civ.App. 1986). A natural parent's mere change of mind cannot justify a rescission of the natural parent's consent to an adoption provided the natural parent gave an informed, intelligent consent and all of the procedural safeguards were followed. Ex parteNice, 429 So.2d 265 (Ala. 1982).
Our review and study of all of the testimony reveal that competent facts were presented to the trial court which would have justified a holding that Lori received advice from several people; that she formed a sane, rational, and intelligent decision to give her daughter up for adoption; that Lori gave a knowing, informed, and intelligent consent to the adoption; and that she understood the important ramifications of her consent to the adoption of her child. There was no evidence that Lori's consent was procured by fraud, undue influence, coercion, or other improper method. In short, there was evidence before the trial court which, if believed, fully supported that court's judgment which denied Lori's motion to revoke her consent to her daughter's adoption, and we affirm that judgment.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur. *Page 911