INGRAM, Presiding Judge.
LaTonya Chienta Anderson is the eighteen-year-old natural mother of an illegitimate child born in March 1988. Henry Hetherington, Sr., and Louise Hetherington are the parents of Henry Hetherington, Jr., the putative father of the child. The Heth-eringtons have provided a home for the child as their own since the child was two months old, allowing the mother visitation privileges.
In November 1988, the Hetheringtons filed a petition to adopt the child with the Probate Court of Mobile County. Accompanying the petition was a consent to adopt form signed by the mother in the presence of the Hetheringtons, their attorney, and two of the attorney’s staff members. Although paternity was not established, Henry Hetherington, Jr., did not deny paternity. He signed a consent to adopt form under the same circumstances.
During the hearing on the petition, the court discovered that the mother was a minor at the time of giving birth, at the time of signing the consent, and at the time of the hearing. The court appointed a guardian ad litem to protect the mother’s interest and continued the hearing.
When the hearing continued, the court heard testimony regarding the circumstances surrounding the signing of the consent form as well as testimony regarding the mother’s fitness. The mother was not present at the hearing. Following the hearing, the probate court found the consent to be valid.
The mother filed a motion to reconsider. After hearing additional testimony on the motion, the probate court reaffirmed its earlier decision and issued an interlocutory petition for adoption. The final order of adoption was issued on October 19, 1989. The mother appeals from that order.
The dispositive issue on appeal is whether the consent signed by the mother is a valid, informed consent.
The mother contends that the consent she signed is invalid, because, she says, at the time she signed, she was a minor, was not represented by legal counsel, and was misled as to the legal implications of what she was signing. Alternatively, she argues that, if the consent is valid, it should be revoked because, she says, as the minor mother she was not afforded the opportunity to be represented or advised of her rights by an attorney, or anyone, prior to signing and was misled by the Hethering-tons and their attorney as to the meaning of the consent.
The consent of the natural parents is required to proceed with an adoption petition. Section 26-10-3, Ala.Code 1975 (1986 Repl.Vol.). Adoption is strictly statutory and involves permanent termination of all legal parental rights. It may not be *1080 accomplished without strict compliance with the statute. Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983).
Our review of the record reveals the following undisputed facts: The mother willingly went to the Hetheringtons’ attorney’s office for the purpose of signing the prepared consent form. She did so without legal counsel. She was given the opportunity to read the consent and ask questions before signing it, and she chose not to ask questions. She signed the prepared consent form before witnesses after reading it. After the petition was filed, the court requested the Department of Human Resources (DHR) to investigate and report to the court pursuant to the statute. During the DHR investigation, a social worker interviewed the mother. The DHR report and testimony from the social worker indicated that the mother did not understand the finality of adoption and the legal implications. After the social worker explained it to the mother, she indicated that she wanted to withdraw her consent.
The mere fact that the mother was a minor is not sufficient legal cause to revoke the consent once given. Davis v. Turner, 337 So.2d 355 (Ala.Civ.App.1976). Neither does a change of mind by a natural parent justify rescission of the consent to adoption. Good v. Zavala, 531 So.2d 909 (Ala.Civ.App.1988). The law is clear that the consent to adoption
“can only be revoked for legal cause, such as where the consent was procured through fraud, undue influence, coercion, or other improper methods, or where, under all the circumstances, the probate court finds it to be in the best interests of the child for it to be returned to the natural parent.”
In re Adoption of Williams, 472 So.2d 1076, 1077 (Ala.Civ.App.1985).
In the instant case, we do not reach the issue of what is in the best interest of the child because the challenge lies only in the validity of the consent. A thorough and careful review of the record before us reveals that the mother freely and willingly signed the consent form after reading it and choosing not to question anything. The words of the signed consent are clear and leave little or nothing to be questioned.
“Know all men by these presents, that I, LaTonya Chienta Anderson, the mother of ... do hereby consent to the adoption of my said child ... in order that said child may have all the privileges which may accord her by the Laws of Alabama upon her legal adoption. And I do hereby consent and request that the Probate Judge make all such orders and decrees as may be necessary or proper to legally effectuate said adoption.”
There was no evidence presented that the mother was promised or denied anything which affected her decision to sign the consent. In fact, no evidence even implies that she was coerced or intimidated into signing the consent. The record is devoid of any evidence that the consent was obtained by fraud, undue influence, coercion, or other improper methods.
Our review reveals there was ample evidence before the trial court to support its determination that the consent was valid.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.