COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
Rex Allen Nail filed a Rule 32, Ala.R.Crim. P., petition with the Houston Circuit Court attacking his conviction for attempted sodomy. The appellant makes numerous allegations in his lengthy petition. However, the appellant raises only the following seven issues on appeal: 1) whether his guilty plea was lawful; 2) whether he received effective assistance of counsel; 3) whether his confession was coerced; 4) whether evidence was illegally obtained through an unlawful search and seizure; 5) whether his arrest was lawful; 6) whether his privilege against self-incrimination was violated; and 7) whether the prosecutor failed to disclose exculpatory evidence. The State’s response to the petition was a general denial of the allegations. The case action summary sheet states:
“Defendant’s Petition consists of a series of matters raised at trial and also on appeal, sometimes characterized in a different form. The court dismisses said petition for failure to state a claim, for the matters alleged [were] raised on appeal or should have been raised on appeal, and for no new evidence.”
While the record supports the trial court’s determination on six of the above seven issues, the trial court should have conducted an evidentiary hearing on the appellant’s allegations of ineffective assistance of counsel. Neither the State’s response nor the trial court’s order address this contention, and this issue was not raised on appeal, see Nail v. State, 629 So.2d 772 (Ala.Crim.App1993). The appellant’s ineffective assistance claim is not proeedurally barred and some of the allegations of ineffective assistance of counsel are facially meritorious because they went unrefuted by the State. Therefore, this case is remanded with directions that the trial court hold an evidentia-ry hearing on the appellant’s claim of ineffective assistance of counsel. See Wilson v. State, 641 So.2d 1268 (Ala.Crim.App.1993). However, if the trial court has personal knowledge of the facts underlying the appellant’s claim of ineffective assistance of counsel, it may summarily deny the petition. If it does so, the court must state, in a written order, that it has personal knowledge of the underlying facts and the reasons for the denial of the appellant’s ineffective assistance of counsel allegations. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.