MONROE, Judge.
K.L.B., the natural father of A.B.B., a minor child, appeals from the entry of a final order of adoption dated July 12, 1999, which declared A.B.B. to be legally adopted by W.M.F., her stepfather.
K.L.B. (“the father”) and G.F. (“the mother”) were married, and one child, A.B.B. (“the minor child”), was born of the marriage. The father and mother were divorced in March 1988, and custody of the minor child was awarded to the mother,with visitation rights vested in the father. The father was ordered to pay child support and medical expenses for the minor child.
In August 1988, the mother married W.M.F. (“the stepfather”). The father continued to exercise his visitation rights and to meet his support obligations.
In August 1997, the father had spanked the minor child while she was visiting him; the spanking left bruises. The incident was reported to the Department of Human Resources (“DHR”). DHR investigated the incident, determined that it was an isolated incident, and closed its file.
In August 1997, the mother also consulted a private attorney, who wrote a letter to the father regarding future visitation with the minor child. The father admitted that he did not pursue legal action to enforce his visitation rights with the minor child. The father has not exercised his visitation rights with the minor child' since August 1997, and he did not give the minor child a Christmas gift in 1997.' While the father telephoned the minor child four or five times between August 1997 and January *478 1998, he did not call her after January-1998, and he did not send her any gifts, cards, letters, etc. The father had no contact with the minor child after January 1998.
Additionally, the father stopped making his child-support payments in February 1998. Although he continued to maintain insurance coverage on the minor child, he did not reimburse the mother for medical and dental expenses (even after the mother wrote letters, requesting reimbursement) and, in fact, he kept insurance reimbursement checks.
In November 1998, the stepfather petitioned the probate court to allow him to adopt the minor child. The mother consented to the adoption. The stepfather contended that the father’s consent to the adoption “is to be implied” because, he said, the father
“has not provided for the support of the said child for a period- of more than six months preceding the filing of this petition, and has not communicated with or otherwise maintained a significant parental relationship with the said child for a period of more than six months preceding the filing of this petition.”
The father answered, objecting to the petition for adoption. Thereafter, the probate court, pursuant to the authority of § 26-10A-3, Ala..Code 1975, transferred the action to the juvenile court “for the limited purpose of adjudication of the issue of the alleged abandonment of said, child by the father.”
After receiving the petition for adoption, the father paid his child-support arrearage and sent the minor child a Christmas card, a birthday card in January,' and a valentine.
After-a hearing, the juvenile court issued an order. Relying upon § 26-10A-9, Ala.Code 1975,- that court held that the father’s consent to the adoption petition was to be implied because, the court found, he had failed to maintain a significant parental relationship with the minor child for a period exceeding six months prior to the filing of the adoption petition. The juvenile court remanded the case for further proceedings in the probate court on the adoption petition.
Thereafter, the probate court issued an .order, finding that it would be in the best interests of the minor child that the petition for adoption be granted, and granted the petition. This appeal followed.
The father contends that the probate court committed reversible error when it transferred this case to the juvenile court “for the limited purpose of adjudication of the issue of the alleged abandonment of said child by the father,” and that because the juvenile court did not terminate his parental rights, the probate court did not have jurisdiction (after remand from the juvenile court) to enter a final order of adoption.
In its order, the juvenile court stated:
“Able counsel for the [father] also contends that a finding of implied consent by this court under § 26-1 OA-9 will serve to terminate the father’s parental rights, and the court must therefore consider less drastic alternatives and the 'best interests of the child. Although § 26-10A-8,. the vehicle under which this case was transferred -to this court, uses the phrase ‘termination of parental rights,’ this court does not perceive its role in this case to be that of declaring an ■ absolute termination of parental rights. Instead, construing the Alabama Adoption Code as a whole, and considering the guidance of the Court of Civil Appeals in S.W.B. \v. R.C., 668 So.2d 885 (Ala.Civ.App.1995) ], this couH concludes that it is called upon to determine if the father’s consent to the adoption is to be implied from his conduct under the standards set forth in § 26-1 OA-9, and if so, the father’s parental rights would be limited by this court to the extent that the father’s express consent to the adoption would not be required, and the father would have *479 no standing to object to the granting of the adoption petition. If the probate court hereafter enters an adoption decree, such adoption decree would effectively terminate the father’s parental rights. However, if the probate court declines to enter an adoption decree, the father’s rights as a parent would not be terminated. (By way of analogy, the court observes that in cases where a parent gives express consent for an adoption which is not subsequently allowed by the court, the giving of such express consent for the adoption would not work a termination of parental rights. (See § 26-10A-29, Code of Alabama, 1975.))
(Emphasis added.)
Section 26-10A-3, Ala.Code 1975, states:
“The probate court shall have original jurisdiction over proceedings brought under the [sic] chapter. If any party whose consent is required fails to consent or is unable to consent, the proceeding will be transferred to the court having jurisdiction over juvenile matters for the limited purpose of termination of parental rights. .The provisions of this chapter shall be applicable to proceedings in the court having jurisdiction over juvenile matters.”
(Emphasis added.) “Adoption is strictly statutory and involves permanent termination of all legal parental rights. It may not be accomplished without strict compliance with the statute.” Anderson v. Hetherinton, 560 So.2d 1078, 1079-80 (Ala.Civ.App.1990).
Section 26-10A-3 plainly states that the matter is to be transferred “for the limited purpose of termination of parental rights.” The probate court did not comply with the statute when it transferred the case to the juvenile court “for the limited purpose of adjudication of the issue of the alleged abandonment of said child by the father.” The juvenile court did not comply with the statute when, pursuant to § 26-10A-9, it found the father’s consent to the adoption to be implied by his conduct but then declined to terminate his parental rights. Thus, the order of the probate court must be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.