907 So.2d 445 (2005)
B.C.M.
v.
H.E.C. and S.G.C.
No. 2031055.
Court of Civil Appeals of Alabama.
February 11, 2005.
*446 Brandy K. Pearson, Gadsden, for appellant.
Mary K. Simmons, Gadsden, for appellees.
THOMPSON, Judge.
On January 22, 2004, H.E.C. and S.G.C., the paternal grandparents of C.M.C. ("the child"), filed a petition seeking to terminate the parental rights of B.C.M. ("the mother") and C.C. ("the father") to the child.[1] At the time the paternal grandparents filed their petition seeking to terminate the parents' parental rights, the child had been in the temporary custody of the paternal grandparents for seven years. On June 21, 2004, the father consented to the termination of his parental rights to the child; the mother subsequently contested the petition to terminate her parental rights. Following an ore tenus hearing, the trial court, on August 5, 2004, entered a judgment in which it found:
"(1) All parental rights (without any limitation or restriction) of the father, with and to [the child], are hereby permanently terminated.
"(2) The parental right of the mother to object to the adoption of [the child], by [the paternal grandparents] is hereby permanently terminated.
"(3) The following parental rights of the mother, with and to [the child] are hereby expressly not terminated, and are hereby expressly reserved to said mother:
"(A) The free and unrestricted right to visit with the subject child, to have physical contact with him, and to communicate with him (in person or by telephone) at all reasonable times and places.
"(B) The right to attend all school events, and to have access to all school records.
"(C) The right to attend all extra-curricular activities and events.
"(4) It is the expressed purpose of this Order to reserve to the mother the foregoing parental rights. It is the expressed purpose of this Order that the foregoing rights which are reserved to the mother shall survive any adoption proceedings or orders entered pursuant thereto. It is the expressed purpose of this Order that any adoption proceeding shall in no way and to no extent whatsoever affect the rights of the mother which are hereby reserved to her."
(Emphasis in original.) The mother timely appealed.
On appeal, the mother contends, among other things, that there is an inherent contradiction in the trial court's judgment terminating her parental right to object to the adoption of the child while, at the same time, awarding her unrestricted visitation with the child. We agree.
The trial court's judgment terminating the mother's right to object to the paternal grandparents' adoption of the child and reserving certain parental rights to the mother is contradictory. It is well settled that adoption entails the permanent termination of all legal parental rights. K.L.B. v. W.M.F., 757 So.2d 476, 479 (Ala.Civ. App.2000) (citing Anderson v. Hetherinton, 560 So.2d 1078, 1079-80 (Ala.Civ.App. 1990)). Because the trial court purported to terminate the mother's right to object to the adoption of the child, the trial court could not then reserve parental rights for the mother.
*447 We can find no statutory provision or caselaw that allows for the reservation of parental rights to a natural parent after an adoption has taken place. Given the contradictory nature of the trial court's judgment, we have no alternative but to reverse the judgment of the trial court and remand this cause to the trial court to enter a judgment consistent with the law, i.e., to specify whether or not the mother's parental rights are terminated.
The mother further contends on appeal that the trial court's judgment terminating her parental rights was not supported by clear and convincing evidence. Given our holding, the resolution of this issue would be premature.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.
NOTES
[1] The record on appeal does not indicate whether the paternal grandparents had filed a petition to adopt the child at the time they filed their January 22, 2004, petition seeking to terminate the parents' parental rights.