MOORE, Judge.
 

 The Montgomery County Department of Human Resources (“DHR”) appeals from a judgment of the Montgomery Juvenile Court (“the juvenile court”) awarding custody of M.J.M. (“the child”) to DHR. We reverse.
 

 On August 6, 2010, two delinquency petitions were filed in the juvenile court, alleging that the child was being charged with counts of burglary and theft of property. Also on August 6, 2010, upon a recommendation made by the child’s juvenile probation officer that the child be held in detention, the juvenile court entered a detention order requiring the child to remain in detention because “[rjelease of the child would present a clear and substantial threat of a serious nature to the person or property of another.”
 

 On November 23, 2010, the juvenile court entered a judgment finding the child dependent and awarding legal custody of the child to DHR. DHR filed a motion to alter, amend, or vacate the juvenile court’s judgment on December 7, 2010, asserting, among other things, that the juvenile court lacked jurisdiction to award custody of the child to DHR because no dependency petition had been filed and because the procedure outlined in § 12-15-215(a)(3)b., Ala. Code 1975, had not been followed, thereby violating DHR’s due-process rights.
 

 Mickey McDermott, the child’s guardian ad litem, filed an objection to DHR’s motion on December 9, 2010. The juvenile court set DHR’s motion for a hearing on January 11, 2011. On January 4, 2011, DHR filed an objection to the hearing scheduled by the juvenile court for January 11, 2011, noting that DHR’s motion had been denied by operation of law on December 21, 2010.
 
 See
 
 Rule 1(b), Ala. R. Juv. P.; and Rule 59.1(de), Ala. R. Civ. P. Also on January 4, 2011, DHR filed a petition for a writ of mandamus in this court; this court elects to treat that petition as an appeal.
 

 
 *457
 
 DHR asserts on appeal that the juvenile court erred in placing the child in its custody because, it argues, the juvenile court did not have jurisdiction to place the child in its custody. “Juvenile courts are purely creatures of statute that have extremely limited jurisdiction.”
 
 L.B. v. R.L.B.,
 
 53 So.3d 969, 972 (Ala.Civ.App.2010). A juvenile court’s jurisdiction to act extends only so far as authorized by the explicit terms of the empowering statute.
 
 See Ex parte K.L.P.,
 
 868 So.2d 454, 456 (Ala.Civ.App.2003). Therefore, the question whether a juvenile court has acted within its proper bounds depends on the meaning of the statute bestowing jurisdiction.
 
 See id.
 
 Discerning the meaning of a jurisdictional statute involves a pure question of law, which this court reviews de novo.
 
 See J.W. v. C.B.,
 
 68 So.3d 878, 879 (Ala.Civ.App.2011). Accordingly, in determining whether the juvenile court acted within its jurisdiction, we do not presume that the juvenile court acted correctly in assuming the power to award custody of the child to DHR.
 
 See id.
 
 Instead, we must determine anew whether the language of the relevant statute, the Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, invests the juvenile court with the power to make such a custodial disposition in the manner in which it did.
 

 The record indicates that the child came within the jurisdiction of the juvenile court pursuant to the filing of petitions alleging the delinquency of the child. The juvenile court originally found the child to be a danger to the person or property of another, and it ordered that the child be placed in detention in the Montgomery County Youth Facility. The child subsequently denied the allegations of delinquency and sought a trial on the matters. After several continuances, the juvenile court determined that the child should be released from detention pending the final hearing on the delinquency petitions; however, the juvenile court ordered that, due to the poor home environment awaiting the child, the child should not return to the physical custody of his mother but, rather, that his custody should be awarded to DHR for placement with a suitable physical custodian. In doing so, the juvenile court declared the child to be dependent. The record indicates, without dispute, that the juvenile court did not notify DHR of the proceedings at any time before entering its custody judgment on November 23, 2010, and that DHR did not otherwise have notice of the case or an opportunity to be heard on the matter of the status of the child or the proper disposition of his custody.
 

 The terms of the AJJA specifically authorize a juvenile court to place a child in the custody of DHR in several instances, only two of which are pertinent to this appeal.
 
 [1]
 
 First, a juvenile court may transfer custody of a child who has been adjudicated to be a dependent child to DHR pursuant to § 12-15-314(a)(3)a., Ala.Code 1975. Second, a juvenile court may transfer custody of a child who has been adjudicated to be a child in need of supervision to DHR pursuant to § 12-15-215(a)(3)b., Ala.Code 1975.
 

 By the explicit terms of its judgment, the juvenile court apparently attempted to invoke its dependency jurisdiction in order to transfer custody of the child to DHR. The juvenile court declared the child to be dependent because of his home environment, and it ordered DHR to
 
 *458
 
 assume custody of the child in order to find the child a proper physical custodian. However, the AJJA does not authorize a juvenile court to declare a child dependent
 
 ex mero motu
 
 without an evidentiary hearing held in accordance with due process.
 

 The AJJA specifically provides that the dependency jurisdiction of the juvenile court is triggered by the filing of a petition with a juvenile-court intake officer alleging facts sufficient to prove the dependency of the child.
 
 See
 
 §§ 12-15-114(a) and 12-15-120(a), Ala.Code 1975. The juvenile-court intake officer must then refer the dependency petition to DHR. § 12-15-118(2), Ala.Code 1975. The obvious purpose of the referral is to notify DHR of the dependency proceedings so that it may be given an opportunity to protect its interest in assuring the safe custodial disposition of the child. Hence, a juvenile court would violate the due-process rights of DHR if it adjudicated a child dependent and transferred custody of the child to DHR without providing DHR such notice and an opportunity to be heard.
 
 See generally Valero v. State Dep’t of Human Res.,
 
 511 So.2d 200 (Ala.Civ.App.1987) (holding that due process must be observed in juvenile-court child-custody proceedings). The AJJA further provides that, if no response is filed to a dependency petition, the juvenile court may find a child dependent only if clear and convincing evidence presented in an adjudicatory hearing establishes the dependency of the child.
 
 See
 
 § 12-15-310(b), Ala.Code 1975. The record in the present case indicates that no such eviden-tiary proceeding was held. Consequently, the juvenile court did not have jurisdiction to adjudicate the child dependent or to transfer custody of the child to DHR pursuant to its dependency jurisdiction.
 

 Section 12-15-215(a)(3)b. provides that if, upon proof beyond a reasonable doubt, a juvenile court finds a child to be in need of supervision and such child is in need of care or rehabilitation, the juvenile court may transfer legal and physical custody of the child to DHR
 

 “provided however 1. that prior to any transfer of custody to the Department of Human Resources, the case shall first be referred to the county children’s services facilitation team, which must proceed according to Article 5.... ”
 

 In this case, the juvenile court did not hold an adjudicatory hearing to find the child in need of supervision beyond a reasonable doubt and it did not refer the child to the appropriate county children’s services facilitation team. Hence, even if the juvenile court intended to transfer custody of the child to DHR as a child in need of supervision, which is doubtful, it acted outside its jurisdiction by failing to comply with § 12-15-215(a)(3)b. and by failing to notify DHR of the proceedings.
 

 Because the juvenile court was without jurisdiction to enter the judgment finding the child dependent and awarding custody of the child to DHR, we reverse the juvenile court’s judgment, and we remand the cause with instructions to the juvenile court to vacate that judgment.
 
 See K.L.B. v. W.M.F.,
 
 757 So.2d 476, 479 (Ala.Civ.App.2000). We note that our holding does not preclude the juvenile court, if it complies with the statutes discussed above, from exercising its jurisdiction to find the child dependent or in need of supervision. To the extent DHR’s remaining issues on appeal are not inherently addressed in this opinion, we decline to further discuss them.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The record does not indicate any other statutory bases that the juvenile court possibly could have relied upon in making its custody disposition, so we see no need to discuss the authority of the juvenile court to commit a child to the custody of DHR for temporary or emergency purposes.
 
 See
 
 § 12-15-141, Ala. Code 1975.