MOORE, Judge.
The Russell County Department of Human Resources (“DHR”) appeals from the denial of its motion to alter, amend, or vacate a judgment entered by the Russell Juvenile Court adjudicating K.W. (“the child”) to be dependent and placing her in DHR’s custody. We reverse.
On April 18, 2011, a delinquency petition, signed and filed by a juvenile probation officer, was filed with the juvenile court regarding the child, who was born on April 9, 1995.[2] In that petition, the juvenile probation officer alleged that the child was delinquent because she had threatened her mother with a knife in violation of Ala.Code 1975, § 13A-6-132, “Domestic violence — Third degree,” and Ala. Code 1975, § 13A-6-23, “Menacing.”[3] The juvenile probation officer also moved the juvenile court, pursuant to Ala.Code 1975, § 12-15-113, to join in the delinquency action the child’s parents, guardians, or legal custodians. Upon the recommendation of the juvenile probation officer, the child was held in detention because “no one [was] able to provide supervision, [she presented a] substantial threat of [a] serious nature to [her]self or property of others; [and she presented a] serious threat of substantial harm to [her]self.”
On April 19, 2011, the juvenile court conducted a hearing on the delinquency petition, and, on April 20, 2011, the juvenile court entered a judgment finding the child to be dependent, ordering the child to be released from detention, and ordering DHR to assume custody of her. On April 22, 2011, DHR filed a motion to alter, amend, or vacate the juvenile court’s judgment, asserting, among other things, that the procedure outlined in Ala.Code 1975, § 12-15-215(a)(3)b., had not been followed, thereby violating DHR’s due-process rights; that DHR had not been notified of the proceedings; and that the juvenile court had acted outside its jurisdiction in *1219 making a dependency determination and in placing the child in DHR’s custody. On that same date, DHR requested that the juvenile court refer the case to the “multi-needs team or to the county child’s services facilitation team,” pursuant to Ala. Code 1975, § 12-15-215(a)(3)b. and § 12-15-502, and provide DHR with a copy of the court file regarding the child.
On May 16, 2011, the juvenile court purported to schedule a hearing on DHR’s postjudgment motion for May 25, 2011. On May 19, 2011, DHR objected to that hearing and moved to dismiss or to stay any further proceedings before the juvenile court, noting that DHR’s post-judgment motion had been denied by operation of law on May 6, 2011. See Rule 1(b), Ala. R. Juv. P.; and Rule 59.1(dc), Ala. R. Civ. P. On May 20, 2011, DHR moved this court for an emergency stay of the May 25, 2011, hearing.[4] On that same date, DHR filed a petition for a writ of mandamus or, alternatively, a notice of appeal. We elected to treat that petition as an appeal.

Analysis

On appeal, DHR asserts that the juvenile court lacked the jurisdiction to make a dependency determination and to place the child in its custody. In support of that argument, DHR relies on this court’s opinion in Montgomery County Department of Human Resources v. McDermott, 74 So.3d 455 (Ala.Civ.App.2011). We agree that McDermott is directly on point and that the juvenile court acted outside of its jurisdiction in making a dependency determination and in placing the child in DHR’s custody.
In McDermott, the child came before a juvenile court based upon the filing of a delinquency petition; in that delinquency petition, the child was alleged to be a danger to the person or property of another, and the juvenile court ordered him to be placed in a youth detention facility. Id. at 457. After a hearing on the matter, the juvenile court ordered the child to be released from detention, but, because of concerns regarding the child’s home environment, the juvenile court found that the child could not be returned to his mother’s custody, found the child to be dependent, and ordered the Montgomery County Department of Human Resources (“the Montgomery County DHR”) to assume custody of the child. Id. at 458.
The Montgomery County DHR filed a postjudgment motion, challenging the juvenile court’s jurisdiction to enter that judgment; the Montgomery County DHR asserted that it had not been given notice of the proceedings until it had been ordered to assume custody of the child and that the juvenile court’s dependency jurisdiction had not been triggered. That motion was denied by operation of law, and the Montgomery County DHR appealed. On appeal, this court recognized that the juvenile court had acted outside its jurisdiction and reversed the juvenile court’s judgment. Id. at 458. In McDermott, this court stated:
“ ‘Juvenile courts are purely creatures of statute that have extremely limited jurisdiction.’ L.B. v. R.L.B., 53 So.3d 969, 972 (Ala.Civ.App.2010). A juvenile court’s jurisdiction to act extends only so far as authorized by the explicit terms of the empowering statute. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App. 2003). Therefore, the question whether a juvenile court has acted within its proper bounds depends on the meaning *1220 of the statute bestowing jurisdiction. See id. Discerning the meaning of a jurisdictional statute involves a pure question of law, which this court reviews de novo. See J.W. v. C.B., 68 So.3d 878, 879 (Ala.Civ.App.2011). Accordingly, in determining whether the juvenile court acted within its jurisdiction, we do not presume that the juvenile court acted correctly in assuming the power to award custody of the child to [the Montgomery County] DHR. See id. Instead, we must determine anew whether the language of the relevant statute, the Alabama Juvenile Justice Act (‘the AJJA’), § 12-15-10 et seq., Ala.Code 1975, invests the juvenile court with the power to make such a custodial disposition in the manner in which it did.
[[Image here]]
“The terms of the AJJA specifically authorize a juvenile court to place a child in the custody of [the Department of Human Resources] in several instances, only two of which are pertinent to this appeal. First, a juvenile court may transfer custody of a child who has been adjudicated to be a dependent child to [the Department of Human Resources] pursuant to § 12-15-314(a)(3)a., Ala. Code 1975. Second, a juvenile court may transfer custody of a child who has been adjudicated to be a child in need of supervision to [the Department of Human Resources] pursuant to § 12-15-215(a)(3)b., Ala.Code 1975.
“By the explicit terms of its judgment, the juvenile court apparently attempted to invoke its dependency jurisdiction in order to transfer custody of the child to [the Montgomery County] DHR. The juvenile court declared the child to be dependent because of his home environment, and it ordered [the Montgomery County] DHR to assume custody of the child in order to find the child a proper physical custodian. However, the AJJA does not authorize a juvenile court to declare a child dependent ex mero motu without an evidentiary hearing held in accordance with due process.
“The AJJA specifically provides that the dependency jurisdiction of the juvenile court is triggered by the filing of a petition with a juvenile-court intake officer alleging facts sufficient to prove the dependency of the child. See §§ 12-15-114(a) and 12-15-120(a), Ala.Code 1975. The juvenile-court intake officer must then refer the dependency petition to [the Department of Human Resources]. § 12-15-118(2), Ala.Code 1975. The obvious purpose of the referral is to notify [the Department of Human Resources] of the dependency proceedings so that it may be given an opportunity to protect its interest in assuring the safe custodial disposition of the child. Hence, a juvenile court would violate the due-process rights of [the Department of Human Resources] if it adjudicated a child dependent and transferred custody of the child to [the Department of Human Resources] without providing [the Department of Human Resources] such notice and an opportunity to be heard. See generally Valero v. State Dep’t of Human Res., 511 So.2d 200 (Ala.Civ.App. 1987) (holding that due process must be observed in juvenile-court child-custody proceedings). The AJJA further provides that, if no response is filed to a dependency petition, the juvenile court may find a child dependent only if clear and convincing evidence presented in an adjudicatory hearing establishes the dependency of the child. See § 12-15-310(b), Ala.Code 1975. The record in the present case indicates that no such evidentiary proceeding was held. Consequently, the juvenile court did not have jurisdiction to adjudicate the child dependent or to transfer custody of the child to [the Montgomery County] DHR pursuant to its dependency jurisdiction.
*1221 “Section 12-15-215(a)(3)b. provides that if, upon proof beyond a reasonable doubt, a juvenile court finds a child to be in need of supervision and such child is in need of care or rehabilitation, the juvenile court may transfer legal and physical custody of the child to [the Department of Human Resources]
“ ‘provided however 1. that prior to any transfer of custody to the Department of Human Resources, the case shall first be referred to the county children’s services facilitation team, which must proceed according to Article 5’
“In this case, the juvenile court did not hold an adjudicatory hearing to find the child in need of supervision beyond a reasonable doubt and it did not refer the child to the appropriate county children’s services facilitation team. Hence, even if the juvenile court intended to transfer custody of the child to [the Montgomery County] DHR as a child in need of supervision, which is doubtful, it acted outside its jurisdiction by failing to comply with § 12-15-215(a)(3)b. and by failing to notify [the Montgomery County] DHR of the proceedings.”
74 So.3d at 457-58 (footnote omitted). Because the juvenile court had not acted pursuant to either of the two statutory mechanisms discussed above, this court concluded that the juvenile court had acted outside its jurisdiction in finding the child to be dependent and in ordering the Montgomery County DHR to assume custody of him. 74 So.3d at 458.
In this case, as in McDermott, no dependency petition regarding the child was filed with the juvenile court; the juvenile court in this case received only a delinquency petition regarding the child. See, e.g., Ala.Code 1975, § 12-15-120 and § 12-15-121 (recognizing that, as a general rule, a dependency action is initiated by the filing of a dependency petition). Additionally, in this case, as in McDermott, the juvenile court did not conduct an adjudicatory hearing at which clear and convincing evidence sufficient to establish the dependency of the child was presented. Thus, the juvenile court in this case cannot be deemed to have acted pursuant to the jurisdiction granted in § 12-15-310.
The record in this case further establishes that the juvenile court did not conduct an adjudicatory hearing to find that the child was in need of supervision and that the juvenile court did not refer the child to the appropriate county children’s services facilitation team. Thus, the juvenile court cannot be deemed to have acted pursuant to the jurisdiction granted in § 12-15-215(a)(3)b. We find no other statutory basis upon which the juvenile court could have relied in entering its judgment.
Because the juvenile court acted outside its jurisdiction in finding the child to be dependent and in ordering DHR to assume custody of the child, we conclude that the juvenile court’s judgment is void. Jones v. Sears Roebuck & Co., 342 So.2d 16, 17 (Ala.1977). A void judgment will not support an appeal. Id. Accordingly, we dismiss DHR’s appeal, albeit with instructions to the juvenile court to vacate its void judgment. We note that nothing precludes the juvenile court from exercising its jurisdiction to find the child dependent or in need of supervision if the juvenile court complies with the statutes discussed herein.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The record before this court contains a “Notification of Detention Rights,” indicating that the child had been detained on April 17, 2011.

. Both domestic violence in the third degree and menacing are defined as misdemeanors.

. The juvenile court subsequently canceled the hearing scheduled for May 25, 2011; as a result, DHR moved to dismiss as moot its motion for an emergency stay of that hearing. This court granted that motion.