MOORE, Judge.
A.H. (“the father”) appeals from a judgment entered by the Limestone Juvenile Court (“the juvenile court”) terminating his parental rights to KO.C. (“the child”). We dismiss the appeal with instructions.

Background

B.C. (“the mother”) gave birth to the child on December 22, 2008. The mother and the father have never married, but the father’s paternity was adjudicated by the Limestone District Court on October 25, 2010.
On February 13, 2013, the mother filed a petition seeking to terminate the father’s parental rights to the child. In that petition, the mother alleged that the father had abandoned the child and that he had failed to maintain contact with the child, had failed to adjust his circumstances to fit the needs of the child, and had failed to provide financial support for the child. The mother did not specifically allege that child was dependent, delinquent, or in need of supervision.
*851 On June 25, 2013, the juvenile court conducted an ore tenus hearing on the mother’s petition. The father did not attend the hearing, but he was represented by legal counsel and his attorney was present at that hearing. • Although the father’s attorney moved to dismiss the proceeding for lack of subject-matter jurisdiction, the juvenile court denied that motion. On June 27, 2018, the juvenile court entered a judgment terminating the father’s parental rights. In that judgment, the juvenile court did not make a finding that the child is dependent, delinquent, or in need of supervision. The father timely filed his notice of appeal. . . ,

Dismmion

The father contends that, under § 12-15-114, Ala.Code 1975, a juvenile court may not exercise jurisdiction over a termination-of-parental-rights case except insofar as that action arises out of a proceeding involving an allegation that a child is dependent, delinquent, or in need of supervision and that, as a result, the juvenile court in this case lacked subject-matter jurisdiction to hear the mother’s petition to terminate his parental rights. For the same reasons stated in our opinions in W.B.B. v. H.M.S., 141 So.3d 1062 (Ala.Civ.App.2013); and C.C. v. L.J., 176 So.3d 183 (Ala.Civ.App.2013), we agree. Because the instant termination-of-parental-rights proceeding did not arise out of a dependency, delinquency, or child-in-need-of-supervision proceeding, the juvenile court did not have subject-matter jurisdiction to enter its judgment, and its judgment purporting to terminate the parental rights of the father is therefore void.[1]
A void judgment will not support an appeal. See generally A.C. v. In re E.C.N., 89 So.3d 777 (Ala.Civ.App.2012). Therefore, the appeal is dismissed, albeit with instructions for. the juvenile court to vacate its judgment terminating the parental rights of-the father.
APPEAL DISMISSED WITH INSTRUCTIONS.
DONALDSON, J., concurs.
THOMAS, J., concurs specially.
PITTMAN, J., dissents, with writing, which THOMPSON, P.J., joins.

. Because of our resolution of the father's first issue, we need not address his second issue.