DONALDSON, Judge.
R.W.R., Jr. (“the father”), appeals from a judgment of the Etowah Juvenile Court (“the juvenile court”) terminating his parental rights to M.N.R. (“the child”). Because the juvenile court lacked subject-matter jurisdiction to enter the judgment, we dismiss the appeal as being from a void judgment.
On April 17, 2013, R.M. (“the mother”) filed a petition to terminate the father’s parental rights to the child in the juvenile court. In the petition, the mother alleged that the father is a convicted sex offender, *385 that he had abandoned the child, that he had failed to provide for the material needs of the child, that he had failed to maintain regular visits with the child, and that he had failed to adjust his circumstances to meet the needs of the child. The mother did not allege that the child was dependent, delinquent, or in need of supervision.
The juvenile court held an ore tenus hearing on July 23, 2013, at which it received the testimony of the mother, the father, and the child’s maternal grandmother. On July 31, 2013, the juvenile court entered a judgment terminating the father’s parental rights. The father filed a motion to alter, amend, or vacate the judgment on August 12, 2013. That motion was denied by operation of law on August 26, 2013. Thereafter, the father filed a timely appeal to this court.
Neither party has raised the issue whether the juvenile court had subject-matter jurisdiction to enter judgment on the mother’s petition to terminate the father’s parental rights to the child. However, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
Section 12-15-114, Ala.Code 1975, provides, in pertinent part:
“(a) A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of . supervision. A dependency action shall not include a custody dispute between parents. Juvenile cases before the juvenile court shall be initiated through the juvenile court intake office pursuant to this chapter.
[[Image here]]
“(c) A juvenile court shall also exercise exclusive original jurisdiction of proceedings arising out of the above juvenile court proceedings, including, but not limited to, each of the following:
[[Image here]]
“(2) Proceedings for termination of parental rights, as this term is defined in subdivision [ (14) ] of Section 12-15-301 [, Ala.Code 1975].”
As this court has previously held, “unless the termination-of-parental-rights case arises out of one of the enumerated proceedings in [§ 12-15-114(a), Ala.Code 1975,] the juvenile court cannot exercise jurisdiction over that case unless some other jurisdictional statute expressly so provides.” W.B.B. v. H.M.S., 141 So.3d 1062, 1064 (Ala.Civ.App.2013).
In this case, the mother’s petition to terminate the parental rights of the father to the child did not arise out of juvenile-court proceedings in which the child was alleged to have committed a delinquent act, to be dependent, or to be in need of supervision. In her petition, the mother did not allege that the child had committed a delinquent act, was dependent, or was in need of supervision. Rather, the mother’s petition asserted the grounds for termination of the father’s parental rights and alleged the existence of various factors for the juvenile court to consider in determining whether to terminate the father’s parental rights. See § 12-15-319(a)(l) through (12), Ala.Code 1975.
Because the juvenile court did not acquire jurisdiction over the mother’s petition pursuant to § 12-15-114(c), the juvenile court’s judgment terminating the father’s parental rights was entered without subject-matter jurisdiction. The judgment is, therefore, void. A void judgment will not support an appeal. *386 See generally Russell Cnty. Dep’t of Human Res. v. K.W., 87 So.3d 1217 (Ala. Civ.App.2012). The appeal is dismissed with instructions for the juvenile court to vacate its judgment terminating the parental rights of the father.
APPEAL DISMISSED WITH INSTRUCTIONS.
MOORE, J., concurs.
THOMAS, J., concurs specially.
PITTMAN, J., dissents, with writing, which THOMPSON, P.J., joins.