MOORE, Judge.
This court’s opinion issued on August 8, 2014, is withdrawn, and the following' is substituted therefor. ■' '
The Limestone County Department of Human Resources (“DHR”) appeals from a judgment of the Limestone Juvenile Court (“the juvenile court”) awarding custody of D.R. (“the child”) to DHR. We affirm.

Procedural History

On October 17, 2013, the child’s paternal grandparents, J.R. and L.R. (“the grandparents”), filed a petition alleging that the child was dependent. The juvenile court appointed Deborah Long as the guardian ad litem for the child. After a hearing, the juvenile court entered an order on November 6, 2013, finding the child dependent, awarding temporary legal and physical custody of the child to the grandparents, setting a dispositional and permanency hearing for January 17, 2014, and ordering DHR to complete a home study of the grandparents’ home. DHR submitted a report of the home study it had conducted on January 14,2014, recommending that, if they desired custody, the grandparents be awarded custody of the child. The January 2014 hearing was continued until February 7, 2014.
On January 17, 2014, the guardian ad litem filed a motion to transfer custody, alleging that the grandparents had told her on January 16, 2014, that they were no longer willing or able to maintain custody of the child, that the child had been “admitted to Mountain View[, a psychiatric hospital,] for an- assessment and services,” and that the child would be discharged in five days with no place to go. The guardian ad litem also alleged that DHR’s employees had been contacted and had stated that a dependency petition must be filed. The guardian ad litem asserted that she had responded by informing DHR that there was an ongoing, dependency case pending in the juvenile court, i.e., the present action. The guardian ad' litem requested that a hearing be held and that *543 custody of the child be placed with DHR or some other viable placement.
On January 21, 2014, the juvenile'court entered a judgment placing custody of-the child with DHR and noting that the matter had been set for a hearing on February 7, 2014. On January ,22, 2014, an attorney for DHR filed an appearance in the dependency action. On January 24, 2014, DHR filed a “motion to alter, amend, or vacate” the juvenile court’s January 21, 2014, judgment, alleging that its due-process rights had been violated because it had not been given notice or an opportunity to heard on the motion to transfer custody that had been filed by the guardian ad litem. DHR requested a hearing on its motion. On January 28, 2014, the juvenile court entered an order denying DHR’s motion to alter, amend, or vacate.'
On February 6, 2014, the guardian ad litem filed a motion seeking review of the case; she alleged that the child had been discharged from Mountain View but that both the grandparents and DHR had refused to pick up the child upon his'release. The juvenile court held a hearing on February 7, 2014. On February 10, 2014, DHR filed a petition for a writ of mandamus or, in the alternative, a notice of appeal directed to the January 21, 2014, judgment and the January 28, 2014, order denying its motion to alter, amend, or vacate that judgment.[1] On February 18, 2014, the juvenile court entered two additional orders, both of which ordered DHR to take custody of the child.

Discussion

Before proceeding to address the issues raised by DHR, we first consider the nature of the proceedings below. The juvenile court took jurisdiction of this case pursuant to Ala.Code 1975, § 12-15-114(a) (“A juvenile court shall exercise exclusive original jurisdiction of juvenile .court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to. be in need of supervision.”). When a juvenile-court' intake officer receives a dependency petition, he or she has a statutory duty to refer the dependency petition to the Department of Human Resources under Ala.Code 1975, § 12-15-118(b). Pursuant to Ala.Code 1975, § 12-15-122, the juvenile court must then direct that the dependency petition be served with summons on the child, if he or she is over 12 years old, the parents of the child, the legal guardian of the child, the legal custodian of the child, and “other persons who appear to the juvenile ■ court to be proper or necessary parties to the proceedings.”
In this case, at the time the dependency petition was filed, DHR was not the legal guardian or legal custodian of the child. DHR "also apparently was not deemed a proper or necessary party because the juvenile court did not direct that DHR be served with the petition. The juvenile court did refer the case to DHR for a home study of the grandparents, but it did not thereby make DHR a party.
In the course of the dependency proceedings, the juvenile court concluded that the child was dependent and made an initial,- temporary placement of the child with the grandparents, which it was considering making permanent. Béfore any permanent disposition could occur, however, the grandparents informed the guardian ad li-tem for the child that they no longer could or would act as custodians for the child. Recognizing that the child had no other person willing to accept his custody, and that the child would soon be released from inpatient mental-health care, the guardian ad litem moved the juvenile court to appoint a custodian for the child on an emergency basis. That motion was filed pursu *544 ant to Ala.Code 1975, § 12-15-138, which provides:
“The juvenile court, at any time after a dependency petition has been filed, or on an emergency basis, may enter an order of protection or restraint to protect the health or safety of a child, subject to the proceeding.”
Alabama Code 1975, § 12-15-141, specifically allows for the entry of an ex parte order of protection, without notice or a hearing, in emergencies in which it is alleged that the health or safety of a child is endangered due to neglect,which, of course, would include abandonment by his or her legal custodians. The juvenile court granted the motion on January 21, 2014, by entering an order (“the placement order”) directing DHR to assume custody of the child in order to protect the welfare of the child.
Upon receiving the order, DHR filed a motion objecting to the failure of the. juvenile court to make it a party and to afford it due process before ordering it to assume custody of the child. When a party asserts that a juvenile court erred by. not joining it as a party to a juvenile- proceeding, that party must follow the procedure established in Rule 13(a)(5), Ala. R. Juv. P., in order to obtain relief from an order of the juvenile court. Rule 13(a)(5) provides:
“A party not served under this' rule may, for good cause shown, petition the juvenile court in writing for a modification of any order or judgment of the juvenile court. The juvenile court may dismiss this petition if, after a preliminary investigation, the juvenile court finds that the petition is without substance. If the juvenile court finds that the petition should be reviewed, the juvenile ’ court may conduct a hearing upon the issues raised by the petition and may make any orders authorized by law relative to the issues as it deems proper.”
In In re D.M., 738 So.2d 898 (Ala.Civ.App.1999) (opinion prepared by Beatty, Retired Justice, while serving on active-duty status as a judge of the Court of Civil Appeals, with Yates and Crawley, JJ., concurring and Robertson, P.J., and Monroe and Thompson, JJ., concurring in the result), a plurality of this court determined that the Department of Mental Health and Retardation' could not argue on appeal any error with regard to lack of service when it did not raibe that issue to the juvenile court through former Rule 27(A), Ala. R. Juv. P., which is now Rule 13(a)(5).
In this case, DHR did not cite Rule 13(a)(5), but it did request that the juvenile court modify the placement order, so, in essence, DHR did follow the rule. Upon examination of the motion, the juvenile court determined that it was due to be denied, explaining that it had entered the placement order to protect the welfare of the child. In substance, the juvenile court determined that DHR had not presented valid grounds for modification of the order on the basis of the lack of service of the petition or motion or on the basis of the lack of its formal joinder as a party. Because Ala.Code 1975, § 12-15-141, specifically authorizes ex parte transfers of custody for the benefit of a child’ in emergency circumstances, the juvenile court had a valid basis for its determination. The juvenile court thus acted properly when it “dismiss[ed] th[e] petition”— i.e., DHR’s motion — without a healing, as authorized by Rule 13(a)(5).
DHR also' asserted that the juvenile court deprived it of due process,[2] *545 which is a ground for vacating a final judgment under Rule 59, Ala. R. Civ. P. See Ala.Code 1975, § 12-13-11(a)(1). In Montgomery County Department of Human Resources v. McDermott, 74 So.3d 455, 458 (Ala.Civ.App.2011), this court stated: “[A] juvenile court would violate the due-process rights of DHR if it adjudicated a child dependent and transferred, custody of the child to DHR without providing DHR ... notice and an. opportunity to be heard.” In retrospect, the court erred in making that statement.
Section one of the Fourteenth Amendment to the United States Constitution provides that no state shall “deprive any person of life, liberty, or property, without due process of law.” The United States Supreme Court has generally held that, because they are not “persons” within the meaning of the Fourteenth Amendment, states are not entitled to due:process protections. South Carolina v. Katzenbach, 383 U.S. 301, 323-24, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966), abrogated on other grounds, Shelby County, Alabama v. Holder, — U.S. -, 133 S.Ct. 2612, 186 L.Ed.2d 651 (2013). Generally speaking, like the individual states themselves, agencies of the state “have never been included under the umbrella of the right to due process. The protections guaranteed by the constitutional right to' due process were designed to protect people from governmental abuses. They were not designed to protect the government from the people.” Associated Press v. Board of Pub. Educ., 246 Mont. 386, 390, 804 P.2d 376, 379 (1991); see also City of Dora v. Beavers, 692 So.2d 808, 811 n. 4 (Ala.1997) (recognizing the broad proposition that a municipality, as a division of the state, is not a “person” within the meaning of the Fourteenth Amendment who is entitled to due process). Because a county department of human resources is considered a state agency with the same rights and privileges as the state, see Ex parte Franklin Cnty. Dep’t of Human Res., 674 So.2d 1277 (Ala.1996), DHR ordinarily would:not be treated as a' “person” entitled to the due-process protections of the Fourteenth Amendment.
DHR also relies on Ala. Const. 1901, art. I, § 7, to support its argument that the juvenile court violated its right to due process. Hówéver, that section provides that, “in all criminal prosecutions the accused ... shall not ... be deprived of his life, liberty, or property, but by due process of law.” In the underlying action, DHR did not stand in the position of an accused in a criminal prosecution. See Comment to Rule 1, Ala. R. Juv. P. (characterizing dependency and child-custody actions in juvenile courts as “proceedings of a civil nature”). ¡Other provisions of Alabama’s Constitution guarantee due process in civil proceedings, but only to its citizens. See Ala. Const. 1901, art. I, §. 11 (“no person shall be debarred from prosecuting or defending, before any tribunal in this state, by himself or counsel, any civil cause to which he is a party”) and § 14 (“all courts shall be open” and “every person ... shall have a remedy by due process of law” and “justice shall be administered without sale, denial, or delay”). Our supreme court “has interpreted the due process guaranteed under the Alabama Constitution to be coextensiye with the due process guaranteed under the United States Constitution.” Elliott v. Van Kleef, 830 So.2d 726, 730 (Ala.2002). Alabama’s constitution does not afford a state agency any additional right to due process not found in the federal constitution.
The Alabama Court of Criminal Appeals has recognized that, in a criminal prosecution, in which the State acts as the accuser, the State has a federal due-process right to notice and an opportunity to be heard as to a pretrial motion to suppress evidence before a court may grant *546 that motion. State v. Morrell, 8 So.3d 353 (Ala.Grim.App.2008) (citing Snyder v. Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 78 L.Ed. 674 (1934), overruled in part on other grounds, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964)). However, given the general rule that state agencies do not have due-process rights, that opinion cannot be read broadly as extending to a child-welfare agency a procedural-due-process right to notice and an opportunity to be heard before a court exercising civil jurisdiction may order that agency to accept custody of a dependent child in an emergency situation.
We hereby overrule McDermott, supra, to the extent that it purports to recognize that the state or county departments of human resources have a general right to constitutional due process independent of any statutory rights they may have under the Alabama Juvfenile Justice Act, Ala.Code 1975, § 12-15-101 et seq., and the Alabama Rules of Juvenile Procedure.[3] Because DHR has not established that it has a constitutional right to due process in this circumstance, it cannot claim that the judgment entered by the juvenile court should be vacated due to the juvenile court’s failure to provide DHR prior notice and an opportunity to be heard. DHR has not proven that the juvenile court committed any legal error, so we affirm the judgment of the juvenile court placing custody of the child with DHR.[4]
APPLICATION GRANTED; OPINION OF AUGUST 8, 2014, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs specially.

, We elected to treat this matter as an appeal.

. On appeal, - DHR raises the due-process rights of the parents of the child; however, DHR may not assert the due-process rights of the parents'. See, e.g., J.S. v. Etowah Cnty. Dep't of Human Res., 72 So.3d 1212, 1223-24 (Ala.Civ.App.2011).

. Because the issue is not before us, we do not decide if McDermott and Russell County Department of Human Resources v. K.W., 87 So.3d 1217 (Ala.Civ.App.2012), which relied on McDermott, should be completely overruled.

. DHR also argues that the juvenile court violated the separation-of-powers doctrine. DHR did not make this argument to the juvenile court; therefore, it is waived. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).