MOORE, Judge.
A.H. (“the father”) appeals from a judgment of the Limestone Juvenile Court (“the juvenile court”) to the extent that it tenninated his parental rights to E.O.C. (“the child”) upon the petition of B.C. (“the mother”). See A.H. v. B.C., 178 So.3d 850 (Ala.Civ.App.2018). We affirm.

Proeed/aral History

“[The mother] gave birth to the child on December 22, 2008. The mother and the father have never married, but the father’s paternity was adjudicated by the Limestone District Court on October 25, 2010.
“On February 18, 2013, the mother filed a petition seeking to terminate the father’s parental rights to the child. In that petition, the mother alleged that the father had abandoned the child and that he had failed to maintain, contact with the child, had failed to adjust his cireum-stances to fit the needs of the child, and had failed to provide financial support for the child. The mother did' not specifically allege that child was dependent, delinquent, or in need of supervision,
“On June 25, 2013, the juvenile court conducted an ore tenus hearing on the mother’s petition. The father did not attend the hearing, but he was represented by legal counsel and his attorney was present at that hearing. Although the father’s attorney moved to dismiss the proceeding for lack of subject-matter jurisdiction; the juvenile court denied that motion. On June 27, 2013, the juvenile court entered a judgment terminating the father’s parental rights. In that judgment, the juvenile court did not make a finding that the child, is dependent, delinquent, or in need of supervision. The father timely filed his notice of appeal.”
A.H. v. B.C., 178 So.3d at 850-51.
On appeal, the father first argued that, because the mother had not alleged in her petition that the child was dependent, delinquent, or in need of supervision, the juvenile court lacked subject-matter jurisdiction. On original submission, this court agreed with the father and concluded that, under Ala.Code 1975, § 12-15-114, because the termination-of-parental-rights proceeding in the present case did not arise out of a dependency, delinquency, or child-in-need-of-supervision i proceeding, the juvenile court did not have subject-matter jurisdiction to enter its judgment. 178 So.3d at 851. On certiorari review, the Alabama Supreme Court reversed this court’s judgment. Eat parte B.C., 178 So.3d 853 (Ala.2015). The supreme court held that “ ‘a juvenile court may exercise jurisdiction under § 12-15-414[, Ala.Code 1975,] over a termination-of-parental-rights claim when the. subject of the termination was not a- child, alleged “to have committed a delinquent act, to be dependent, or to be in need of supervision.” ’ ” 178 So.3d at 855 (quoting Ex parte L.J., 176 So.3d 186, 194 (Ala.2014)), and it remanded the cause to this court for us to *860 consider any arguments that had been pre-termitted by this court on original submission. 178 So.3d at 858.
The remaining issue to be addressed by this court is the father’s argument that, based on the failure to comply with Ala. Code 1975, § 12-15-120, the juvenile court lacked subject-matter jurisdiction. Section 12-15-120 provides:
“(a) Delinquency, child in need of supervision, and dependency cases and proceedings pursuant to Section 12-15-1321, Ala.Code 1975,[1] ] before the juvenile court shall be initiated by the filing of a petition by the juvenile court intake officer who shall receive verified complaints and proceed thereon pursuant to rules of procedure adopted by the Supreme Court of Alabama.
“(b) A petition alleging that a child is a delinquent child, dependent child, or a child in heed of supervision shall not be filed by a juvenile court intake officer unless the juvenile court intake officer has determined and endorsed upon the petition that the juvenile court has subject matter jurisdiction and venue over the case and that the filing of the petition is in the best interests of the public and the child.”
The father first argues that § 12-15-120 supports his initial position — that the juvenile court lacked subject-matter jurisdiction under § 12-15-114 because the mother’s petition did not arise out of a proceeding involving an allegation that the child is dependent, delinquent, or in need of supervision — because, he says, § 12-15-120 further evidences the legislature’s intent to limit the juvenile court’s subject-matter jurisdiction. The supreme court, however, disposed of the father’s argument regarding § 12-15-114 in Ex parte B.C., 178 So.3d at 853.
The father also argues that the juvenile court lacked subject-matter jurisdiction over the mother’s petition to terminate his parental rights to the child because, he says, the petition was not endorsed by the juvenile-court intake officer or executed in accordance with § 12-15-120,
The father cites Russell County Department of Human Resources v. K.W., 87 So.3d 1217 (Ala.Civ.App.2012), for the proposition that
“ ‘[tjhe [Alabama Juvenile Justice Act, Ala.Code 1975, § 12-15-101 et seq.,] specifically provides that the dependency jurisdiction of the juvenile court is triggered by the filing of a petition with the juvenile-court intake officer alleging facts sufficient to prove the dependency of the child.’ ”
87 So.3d at 1220 (quoting Montgomery Cnty. Dep’t of Human Res. v. McDermott, 74 So.3d 455, 458 (Ala.Civ.App.2011)). In Russell, the child at issue was before the Russell Juvenile Court based on allegations that the child was delinquent; following a hearing, the court entered a judgment finding that the child was dependent. 87 So.3d at 1218. This court determined that the Russell Juvenile Court did not have jurisdiction to enter a finding of dependency when no dependency action- had been filed with that court. Id. at 1221.
The father also cites M.S.M. v. M.W.M., 72 So.3d 626, 629 (Ala.Civ.App.2011), in which the guardian ad litem that had been *861 appointed on behalf of the parties’ child in the parties’ divorce case filed a motion in the Montgomery Circuit Court alleging that the parties’ child was dependent; the Montgomery Circuit Court subsequently “entered ,an order purporting to transfer the issues related to the child’s custody to the Montgomery Juvenile Court.” 72 So.3d at 630. This court determined that, “[bjecause the guardian ad litem failed to file the dependency petition in juvenile court, in, conformance with § 12-15-114(a) and § 12-15-120, Ala.Cocle 1975, the juvenile court was never vested with jurisdiction.” 72 So.3d at 636. We note, however, that both Russell and M.S.M. are distinguishable because the present case is a termination-of-parental-rights case, not a dependency case. The termination-of-parental-rights claim asserted by the mother in this case is not a delinquency, child-in-need-of-supervision, or dependency claim, and this case was not filed pursuant to § 12-15-132. Accordingly, we conclude that § 12-15-120 does not deprive the juvenile court of subject-matter jurisdiction.
Because the father has failed to raise any arguments on appeal indicating that the juvenile court indeed lacked subject-matter jurisdiction in the present case, we affirm the juvenile court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS,' and DONALDSON, JJ., concur.

. Alabama Code 1975, § 12-15-132, governs proceedings against a child who is "on probation or aftercare incident to an adjudication as a delinquent child or a child in need of supervision [and] who violates the terms of his or her probation or aftercare ... for a revocation of the order.” § 12 — 15—132(a). Thus, § 12-15-132 is not at issue in this appeal.